**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 17 1997**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

JAMES GUSTAV HOGAN,

      Defendant-Appellant.

No. 96-3360

---

**Appeal from the United States District Court**
**for the District of Kansas**
**(D.C. No. 96-CR-40006)**

---

Submitted on the briefs.*

---

Before **BRORBY, EBEL** and **KELLY**, Circuit Judges.

---

**BRORBY**, Circuit Judge.

---

    * After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

On July 8, 1996, Mr. James Gustav Hogan pled guilty to one count of bank robbery, in violation of 18 U.S.C. § 2113(a) (1994). In support of his guilty plea, Mr. Hogan represented to the court that

> [o]n January 10, 1996, ... [he] did, by intimidation, unlawfully take from the person and presence of Shannon A. Mark money in the amount of $6,425.00, belonging to and in the care, custody and control on [sic] the Lyon County State Bank, Emporia, Kansas, an institution the deposits of which are insured by the Federal Deposit Insurance Corporation ....

The presentence report calculated Mr. Hogan's total offense level at 21, premised on a base offense level for robbery of 20, pursuant to USSG §2B3.1(a) (1995); plus a two-level increase for robbery of a financial institution, pursuant to USSG §2B3.1(b)(1)(A); a two-level increase for use of an express threat of death, pursuant to USSG §2B3.1(b)(2)(F); and a three-level reduction for acceptance of responsibility, pursuant to USSG §3E1.1(a), and (b)(1) and (2). The two-level increase in his base offense level for an express threat of death was based on the robbery note Mr. Hogan handed the bank teller, which read, "I have a gun. Pass the money over fast. No dye packs or you die."

At sentencing, the district court overruled Mr. Hogan's objections to the two-level increase in his base offense level for making an express threat of death. The district court found the language of the robbery note indistinguishable from

an example of an express threat of death in the commentary to §2B3.1. The district court also found the robbery note, coupled with Mr. Hogan's action of keeping one hand in his pocket to give the impression he had a gun, "would distinctly and directly indicate to a victim that the defendant intended to kill or otherwise cause the death of the victim unless she cooperated." The court then adopted the presentence report and sentenced Mr. Hogan to thirty-seven months imprisonment.

On appeal, Mr. Hogan challenges the two-level increase in his base offense level for an express threat of death. Initially, Mr. Hogan contends the threat in the robbery note was not an express threat of death as required by USSG §2B3.1(b)(2)(F). Mr. Hogan primarily bases this contention on the fact that dye packs are designed to "explode" at a later time and not while the robber is receiving the money. Therefore, he argues, the victim would have to believe the robber would return to kill her after the dye packs were discovered, which he states is an unrealistic expectation. Mr. Hogan also argues the announcement of a weapon does not constitute an express threat of death. Next, he contends the government failed to present any evidence the victim was in "significantly greater fear" for her life as a result of the statement in the robbery note than was inherent

in the robbery itself.[1]  We review the district court's legal interpretation and application of the sentencing guidelines *de novo*. *United States v. Lambert*, 995 F.2d 1006, 1008 (10th Cir.), *cert. denied*, 510 U.S. 926 (1993).

First, the district court looked to the examples of an "express threat of death" in the guideline commentary and found Mr. Hogan's robbery note indistinguishable.  *See* USSG § 2B3.1, comment. (n.6).  We agree.  The language used by Mr. Hogan is practically indistinguishable from the commentary example, "Give me the money or you are dead." *Id.*  "Commentary interpreting the sentencing guidelines is binding on the federal courts unless it violates the Constitution or a federal statute, or is inconsistent with the guideline it interprets." *United States v. Farnsworth*, 92 F.3d 1001, 1007 (10th Cir.) (citing *Stinson v. United States*, 508 U.S. 36, 44-45 (1993)), *cert. denied*, 117 S. Ct. 596 (1996).  We find nothing in note six of the commentary to §2B3.1 that violates the Constitution or a federal statute or that is inconsistent with the guideline itself.

---

[1]  Mr. Hogan also claims application of §2B3.1(b)(2)(F) is erroneous because he did not actually possess a gun at the time of the robbery, but merely kept his hand in his pocket to give the impression he had a gun.  However, even assuming Mr. Hogan did not have a gun, this fact does not affect the applicability of §2B3.1(b)(2)(F).  *See United States v. Figueroa*, 105 F.3d 874, 879 n.3 (3d Cir. 1997), *petition for cert. denied*, ___ S. Ct. ___, 1997 WL 221123 (U.S. May 27, 1997) (No. 96-8808); *United States v. Murray*, 65 F.3d 1161, 1167 (4th Cir. 1995).  Subsections (A)-(E) of §2B3.1(b)(2) provide for greater enhancements in cases where a weapon is actually present.

*See United States v. Robinson*, 86 F.3d 1197, 1200 (D.C. Cir. 1996) ("Indeed, we perceive no inconsistency at all between the robbery guideline and its commentary."). *But see United States v. Alexander*, 88 F.3d 427, 431 (6th Cir. 1996) (commentary to §2B3.1 is inconsistent with plain reading of the guideline and thus not controlling; rejecting the views of the Fourth, Seventh, Eighth and Ninth Circuits). Thus, the commentary is binding. *See Farnsworth*, 92 F.3d at 1007. In fact, application note six of the commentary is a very helpful tool in interpreting "an express threat of death." *See* USSG §2B3.1, comment. (n.6) (listing examples of an express threat of death).

Second, contrary to Mr. Hogan's assertion, there is nothing conditional or indirect about the robbery note. A bank robber who unequivocally demands money, states he has a gun, and informs the teller she will die if she does not comply with his demands leaves nothing for the victim or the court to infer and, thus, makes an express threat of death pursuant to §2B3.1(b)(2)(F). *See United States v. Moore*, 6 F.3d 715, 721-22 (11th Cir. 1993) ("[T]he threat must be directly and distinctly stated or expressed rather than implied or left to inference, and the threat must be of death, or activity that would cause the victim to be in reasonable apprehension of his or her life for section 2B3.1(b)(2)(F) to be applicable." (Internal quotation marks omitted.)). "I have a gun. Pass the money

over fast.  No dye packs or you die." leaves nothing to infer.  It is a clear and direct threat and, thus, constitutes an express threat of death pursuant to § 2B3.1(b)(2)(F).  *See, e.g., Robinson*, 86 F.3d at 1202 (defendant's statement "Give me one pack of 20s or I'll shoot somebody in here now" constituted an express threat of death); *Lambert*, 995 F.2d at 1008-09 (statement that teller had ten seconds to put money in the bag or "the person behind me will shoot someone" is an express threat of death); *United States v. Strandberg*, 952 F.2d 1149, 1151-52 (9th Cir. 1991) (upholding enhancement when defendant commanded do not "pull the alarm or my friend will start shooting").  *Cf. United States v. Tuck*, 964 F.2d at 1079, 1080 (11th Cir. 1992) (statement to teller after she had put the money in the bag that "if she did anything funny he would be back" did not constitute an express threat of death).

Third, although this threat may be somewhat disingenuous, since Mr. Hogan would have no way of knowing whether the teller gave him a bundle of money secured by a dye pack until after he completed the robbery, there is no requirement in §2B3.1(b)(2)(F) that the threat be realistic or actionable to be an express threat of death.  *See* USSG §2B3.1(b)(2)(F).  It only requires the robber make an express threat of death which places the victim in significantly greater

-6-

fear than that necessary to constitute an element of the offense of robbery. USSG §2B3.1, comment. (n.6); *Robinson*, 86 F.3d at 1202. *See infra*.

Fourth, Mr. Hogan's assertion that the announcement of a weapon is not an express threat of death misperceives the issue. In this case, the robbery note not only announced the possession and presence of a weapon, it specifically directed the clerk to hand over the money without any dye packs "or you die." We must consider the robbery note or threat as a whole and not as unconnected individual statements. Therefore, while Mr. Hogan may be correct that the announcement of a weapon alone may be insufficient to constitute an express threat of death, that is not our case.[2] Here, the robbery note contained the additional statement "No dye packs or you die" which, as we held previously, is an express threat of death pursuant to §2B3.1(b)(2)(F).

---

[2] This court has not decided whether a statement that a defendant possesses a gun, but which does not contain any threat to use the gun can support an increase under §2B3.1(b)(2)(F). However, the circuits to have considered this issue have reached divergent results. *See, e.g., Figueroa*, 105 F.3d at 879-80 ("I have a gun. Give me all the money." is an express threat of death); *Murray*, 65 F.3d at 1166-67 ("Give me three stacks of $20's. Don't give me a dye pack. I have a gun pointed at you." constitutes an express threat of death). *But see Alexander*, 88 F.3d at 428-31 ("I'VE A BOMB IN MY CASE AND A GUN. STAY CALM DON'T TRIP YOUR ALARM AND HAND OVER THE 100, 50, 20, 10, NO ONE WILL BE HARM," does not warrant the two level enhancement for an express threat of death); *United States v. Canzater*, 994 F.2d 773, 775 (11th Cir. 1993) (per curiam) ("I have a gun, give me money" may imply threat to use the gun, but was not an express threat of death).

Finally, we consider Mr. Hogan's assertion §2B3.1(b)(2)(F) requires the threat place the victim in "significantly greater fear" than that associated with the robbery itself. In the commentary to §2B3.1, the court is advised it

> should consider that the intent of [§2B3.1(b)(2)(F)] is to provide an increased offense level for cases in which the offender(s) engaged in conduct that would instill in a reasonable person, who is a victim of the offense, significantly greater fear than that necessary to constitute an element of the offense of robbery.

USSG §2B3.1, comment. (n.6). Therefore, in order to qualify for the enhancement pursuant to §2B3.1(b)(2)(F), the robber must instill in the victim "significantly greater fear than that necessary to constitute an element of the offense of robbery." USSG §2B3.1, comment. (n.6). *See Robinson*, 86 F.3d at 1201-02; *United States v. Jones*, 83 F.3d 927, 929 (7th Cir. 1996) ("But the fact that [the robber] may have actually been unarmed is of no consequence provided he instilled in the tellers 'significantly greater fear'" (internal quotation omitted)); *United States v. France*, 57 F.3d 865, 867 (9th Cir. 1995) (robber's statement "I have dynamite" was express threat of death because it would generate "significantly greater fear" in reasonable victim).

In *Lambert*, this Court considered the application of §2B3.1(b)(2)(F) where an express threat of death was made by the defendant's accomplice. 995 F.2d at 1008-09. In reaching its conclusion, the Court noted that "[a]lthough coercion

and at least implied threats are necessarily involved in the bank robbery offense, express threats of death are not." *Id*. at 1008. Therefore, when a bank robber makes an express threat of death, he or she exceeds the force and intimidation necessary to perpetrate the robbery itself and places the victim in significantly greater fear than that necessary for the robbery. *See id.*; *Jones*, 83 F.3d at 929.

It is irrelevant the government did not present any evidence establishing the victim's state of mind or whether she actually experienced a significantly greater fear. The test for whether the enhancement applies is an objective one. The commentary to §2B3.1 specifically directs the court to look at what a "reasonable" victim would experience based on the defendant's conduct, not what the actual victim experienced. USSG §2B3.1, comment. (n.6). *See United States v. Cadotte*, 57 F.3d 661, 662 (8th Cir. 1995) ("Whether [the defendant] intended to, or did, instill a fear of death in the teller is also immaterial. The enhancement does not require a subjective finding of the defendant's intent in making the threat, nor does it require an actual finding of the level of fear instilled by the threat."), *cert. denied*, 116 S. Ct. 783 (1996); *United States v. Hunn*, 24 F.3d 994, 998 (7th Cir. 1994) (noting test for whether guideline enhancement applies is objective).

Accordingly, we hold Mr. Hogan's robbery note constituted an express threat of death and the district court properly applied USSG §2B3.1(b)(2)(F). Therefore, the two-level enhancement for an express threat of death pursuant to USSG §2B3.1(b)(2)(F) was appropriate.

**AFFIRMED.**