PUBLISH

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 9 1999**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

**PATRICK FISHER**
**Clerk**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RICHARD L. RUCKER,

Defendant-Appellant.

No. 98-3252

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**
**(D.C. 97-40099-01-RDR)**

Submitted on the briefs:[*]

James G. Chappas of Topeka, Kansas, for Defendant-Appellant.

T.G. Luedke, Assistant United States Attorney, Jackie D. Williams, United States Attorney, with him on the brief, Topeka Kansas, for Plaintiff-Appellee.

Before **SEYMOUR**, Chief Judge, **BALDOCK**, and **HENRY**, Circuit Judges.

**HENRY**, Circuit Judge.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

———————————————

Mr. Rucker pled guilty to robbing a United States Post Office in violation of 18 U.S.C. § 2114. On November 12, 1997, Mr. Rucker and his accomplice entered a post office at approximately 2:00 p.m.. Mr. Rucker carried a handgun with a laser sight. While his accomplice jumped behind the counter to take money, Mr. Rucker ordered customers and clerks to the floor, pointing the gun at them.

The district court sentenced Mr. Rucker in accord with United States Sentencing Guideline §2B3.1. The court calculated a total offense level of twenty-nine, reflecting a base offense level of twenty and various adjustments. Mr. Rucker challenges two of the adjustments on appeal: a six-level enhancement based on a finding that the defendant "otherwise used" a firearm during the robbery, pursuant to U.S.S.G. §2B3.1(b)(2)(B), and a two-level enhancement based on physical restraint of victims, pursuant to U.S.S.G. §2B3.1(b)(4)(B). He contends that the application of both enhancements amounts to impermissible double counting, and that there was insufficient evidence to establish that he "otherwise used" a firearm under the Guidelines. We address each argument in turn, and, rejecting each, affirm the sentence.

I.      Six-Level Enhancement for "Otherwise Us[ing]" a Firearm.

2

The Guidelines provide for three degrees of enhancement for robbery conducted in some manner with a firearm: if the gun is discharged, the enhancement is seven levels; if the gun is "otherwise used," the enhancement is six levels; if the gun is "brandished, displayed or possessed," the enhancement is five levels. See U.S.S.G. §2B3.1(b)(2)(A), (B) & (C). Mr. Rucker contends there was insufficient evidence to find at sentencing that he "otherwise used" a firearm and that his enhancement should be no more than five levels under this provision. We review the district court's factual findings in sentencing for clear error. See United States v. Flinn, 987 F.2d 1497, 1500 (10th Cir. 1993). We review the interpretation of the Guidelines de novo. See United States v. Hogan, 116 F.3d 442, 443-44 (10th Cir. 1997).

The district court found credible testimony that Mr. Rucker pointed the gun at post office clerks during the robbery and that he held the clerks at gunpoint. See Rec. vol. I, doc. 42, at 4. Todd Flory, one of the postal employees present at the robbery, testified to this, and the district court found the testimony credible. This factual finding is not clearly erroneous, and we therefore rely on it in reviewing the six-level enhancement under U.S.S.G. §2B3.1(b)(2)(B).

The court then decided that pointing a gun at the victims and holding them at gunpoint amounted to "otherwise using" the firearm in a manner meriting the six-level enhancement. The Guidelines define "otherwise used" as conduct that

3

"did not amount to the discharge of the firearm but was more than brandishing, displaying, or possessing a firearm." U.S.S.G. § 1B1.1, comment. (n. 1(g)). This court has held a firearm to be otherwise used where the defendant pointed a gun at the head of the victim and threatened her, and then pointed the gun at another victim while ordering him to open a safe and provide money. United States v. Gilkey, 118 F.3d 702, 704-05 (10th Cir. 1997). The instant case is sufficiently similar to fall in the same category between discharge and mere brandishing of a firearm: Mr. Rucker pointed a gun, equipped with a laser sight (the use of which could only have increased the fear in his victims), at the clerks while ordering them to comply with his demands. The six-level enhancement was not error.

II.     Double-Counting

Mr. Rucker argues that because the six-point enhancement for "otherwise us[ing]" a firearm and the two-point enhancement for physical restraint of victims stem from a single act on his part – namely, pointing the gun at the clerks and customers – his sentence improperly imposes two penalties for that single act.

The Courts of Appeals are not settled on what exactly constitutes impermissible double counting. This court has held that "[i]mpermissible double counting or impermissible cumulative sentencing [under the Guidelines] occurs when the same conduct on the part of the defendant is used to support separate

increases under separate enhancement provisions which necessarily overlap, are indistinct, and serve identical purposes." United States v. Flinn, 18 F.3d 826, 829 (10th Cir. 1994). Importantly, the last three conditions are stated as a conjunctive requirement; that is, all three must be met for the use of separate enhancements to constitute impermissible double counting.

For example, in United States v. Smith, 13 F.3d 1421, 1429 (10th Cir. 1994), this court held that enhancement under both §2F1.1(b)(2) and §3B1.1(a) does not constitute double counting. Section 2F1.1(b)(2) provides a two-level enhancement if the crime involves "more than minimal planning." Section 3B1.1(a) provides a four-level enhancement if the "defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive" It is true that §3B1.1(a) "necessarily overlaps" with §2F1.1(b)(2): One cannot be a leader of an extensive criminal activity of the sort described without "more than minimal planning." However the converse is not true, and therefore the enhancements are certainly not indistinct: One *could* have engaged in "more than minimal planning" of the criminal act without being the leader of an extensive enterprise. And, the enhancements serve different purposes if only because they punish activities that are, while related, not indistinct. When a defendant's sentence is enhanced multiple times for a seemingly single act, impermissible double counting occurs only if the enhancements necessarily

5

overlap, are indistinct, *and* serve identical purposes.

"Indeed, the consensus among [most] circuits . . . is that double counting is permissible unless the Guidelines expressly provide otherwise or a compelling basis exists for implying such a prohibition." United States v. Harris , 41 F.3d 1121, 1123 (7th Cir. 1994). Different rationales for this apparent leniency with regard to double counting have been provided by different circuits.

The First and Fourth Circuits have concentrated on the broad discretion of the Sentencing Commission and the impropriety of courts second-guessing whether certain conduct should or should not be punished as severely as the language of the Guidelines would tend to indicate: "We . . . cannot take issue with the discretionary choice made by the Sentencing Commission to punish certain previously deported aliens more severely than others." United States v. Crawford , 18 F.3d 1173, 1180 (4th Cir. 1994); see also United States v. Zapata , 1 F.3d 46, 48-49 (1st Cir. 1993) ("[T]o the extent the same factor reflects both the seriousness of the offense and the likelihood of a defendant's recidivism, it may be considered twice in sentencing -- the separate purposes of punishment and deterrence -- so long as the Commission, expressly or by fair implication, so directs").

The approach of the First and Fourth Circuits may overstate the powerlessness of courts to check the Sentencing Commission. As the Seventh

Circuit allowed in Harris, there may be a "compelling basis . . . for implying such a prohibition [against double counting]." 41 F.3d at 1123. Such a compelling basis certainly exists where the enhancements necessarily overlap, are indistinct, *and* serve identical purposes. [1]

The rationale supplied by the Ninth Circuit is perhaps most helpful: "Double counting is permissible if it accounts for more than one type of harm caused by the defendant's conduct or where each enhancement of the defendant's sentence serves a unique purpose under the guidelines." United States v. Parker, 136 F.3d 653, 654 (9th Cir.), cert. denied, 119 S.Ct. 363 (1998). This formulation is appealing because it brings the court back to a central factor in determining whether and how much to punish: what is the harm? Insofar as a single act has multiple harms, not every one of which accompanies that act in every instance, it may be that the Commission separated the harms into different enhancements so that each would apply only in those instances where the particular harm, to which the enhancement was tailored, occurred.

---

[1] This test imposes a high burden on the party challenging the sentence. Indeed, a quick review of appellate cases reveals very few holding that improper double counting occurred. The test remains important, however, for those rare instances in which the calculus applied by the district court *does* double count. See, e.g., U.S. v. Dawson, 1 F.3d 457, 461-63 (7th Cir. 1993) (district court impermissibly double counted by departing from the Guidelines for multiple counts of bank robbery when U.S.S.G. §3D1.4 provided an adjustment that fully accounted for the multiple counts).

Thus we come to Mr. Rucker's contention that the district court impermissibly double counted by enhancing his sentence six levels for "otherwise using" a firearm and two levels for physically restraining the victims. The argument is appealing because Mr. Rucker's "otherwise use" of the gun *was* pointing the gun at the victims to physically restrain them. However, the multiple enhancement of a sentence for a single type of conduct does not, without more, amount to double counting.

In the instant case, the enhancements at issue *do not* necessarily overlap, *are not* indistinct, and *do not* serve identical purposes. As to the first of these elements of double-counting analysis, it is tempting to imagine that pointing a gun at someone necessarily overlaps with restraining the person, since nearly every time one points a gun at a victim during a robbery, the pointing of the gun physically restrains the victim in some way. But this is not always the case: The robber might point a gun at a victim and tell him to "get out of here." Such would hardly physically restrain the victim. The converse scenario does not involve the required necessary overlap either: physically restraining a victim does not necessitate pointing a gun. Thus, the overlap required to find improper double enhancements for a seemingly single act is not present. This lack of overlap also demonstrates that the act of physical restraint is distinct from the act of otherwise using a gun. Thus, Mr. Rucker also cannot establish the second

8

element of the double-counting analysis.

Finally, as to the last element (whether the enhancements serve identical purposes), we agree with the Ninth Circuit that double counting is permissible when it accounts for more than one type of harm. See United States v. Parker, 136 F.3d at 654. Here, the enhancements at issue punish two distinct harms. Pointing a gun with a laser sight at a victim causes one type of harm. Physically restraining a victim during a crime, whether with a gun or with rope, causes another type of harm. It is well within the discretion of the Commission to recognize these distinct harms and punish them distinctly. When both occur, both will be punished. Such is the case with Mr. Rucker's sentence, and as a result, there is no impermissible double counting.

Accordingly, Mr. Rucker's sentence is AFFIRMED.