**PUBLISH**

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 28 2000**

**PATRICK FISHER**
**Clerk**

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

KEVIN LAMONT PEARSON,

    Defendant-Appellant.

No. 99-5143

**Appeal from the United States District Court**
**for the Northern District of Oklahoma**
**(D.C. No. 98-CR-166-C)**

Stephen C. Lewis, United States Attorney; Neal B. Kirkpatrick, Assistant United States Attorney, Tulsa, Oklahoma, for Plaintiff-Appellee.

Richard Couch, Tulsa, Oklahoma, for Defendant-Appellant.

Before **BRORBY, KELLY** and **MURPHY**, Circuit Judges.

**BRORBY**, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Appellant Kevin Lamont Pearson appeals the sentence imposed by the district court following his conviction for bank robbery in violation of 18 U.S.C. § 2113(a) and (d), and carrying or using a firearm in commission of a crime of violence in violation of 18 U.S.C. § 924(c). We exercise our jurisdiction under 28 U.S.C. § 1291 and affirm.

In sentencing Mr. Pearson, the district court applied a two-level enhancement under United States Sentencing Guideline § 2B3.1(b)(4)(B) for physically restraining bank personnel with a gun during the commission of a bank robbery. On appeal, Mr. Pearson claims the upward sentencing adjustment for physical restraint is impermissible "double counting" because he already received a sentence for carrying or using a firearm under § 924(c). To support his contention, Mr. Pearson directs us to U.S.S.G. § 2K2.4, which applies to convictions under § 924(c). Mr. Pearson points out § 2K2.4, comment. (n.2) states that any specific offense characteristics of a firearm described under § 2B3.1(b)(2)(A)-(F) may not be applied to enhance the underlying offense. Because the specific offense characteristics for a firearm under § 2B3.1(b)(2)(A)-(F) deal with the discharge, "otherwise use," brandishing, displaying or

possession of a firearm, Mr. Pearson suggests an enhancement for physical restraint with a gun cannot be used to enhance his underlying robbery sentence. We disagree.

Because Mr. Pearson is not disputing the facts underlying his conviction, we review the district court's application of the sentencing guidelines *de novo*. *See United States v. Fisher*, 132 F.3d 1327, 1328 (10th Cir. 1997). In this case we must examine U.S.S.G. § 2B3.1(b)(4)(B), which provides for a sentence enhancement "if any person was physically restrained [in order] to facilitate commission of the offense." When reviewing this guideline in the context of a robbery charge, we have determined an enhancement for physical restraint is applicable when the defendant uses force, including force by gun point, to impede others from interfering with commission of the offense. *Fisher*, 132 F.3d at 1329-30.

With these principles in mind, we acknowledge we have not previously addressed the issue of whether "double counting" occurs when a defendant receives a sentence for carrying or using a firearm under § 924(c) and at the same time his underlying robbery sentence is enhanced under Sentencing Guideline § 2B3.1(b)(4)(B) for physical restraint with a gun. However, other circuits have

addressed this issue and determined double counting did not occur.[1]  In *United States v. Nelson*, 137 F.3d 1094, 1112 (9th Cir.), *cert. denied*, 525 U.S. 901 (1998), the Ninth Circuit determined physical restraint with a gun was not the equivalent of possession, use or discharge of a firearm under § 924(c).  Similarly, in *United States v. Wilson*, 198 F.3d 467, 472 n.1 (4th Cir. 1999), *cert. denied*, ___ S. Ct. ___, 2000 WL 267177 (U.S. Apr. 17, 2000), the Fourth Circuit held application of the physical restraint enhancement to an underlying robbery sentence, when the defendant also received a conviction under § 924(c), did not result in impermissible double counting because the guidelines do not expressly prohibit the application of the physical restraint enhancement in such instances.

We agree with our sister circuits.  Despite Mr. Pearson's contentions, § 2B3.1(b)(2)(A)-(F) does not specifically address physical restraint with a gun. Rather, as the Fourth Circuit noted, the sentencing guidelines do not expressly prohibit applying the physical restraint enhancement to robbery convictions when

---

[1]  While the Eleventh Circuit has not specifically addressed the issue of "double counting" in this context, it has affirmed the enhancement of a robbery sentence under § 2B3.1(b)(4)(B) for physical restraint with a gun, even when the defendant also received a § 924(c) conviction. *See generally United States v. Jones*, 32 F.3d 1512, 1515, 1518-19 (11th Cir. 1994) (upholding § 2B3.1(b)(4)(B) enhancement for physical restraint when defendant forced victims at gunpoint to enter safe room and lie face down on floor).

the defendant also received a firearm conviction under § 924(c).  Moreover, we

agree with the Ninth Circuit, and conclude that physical restraint with a gun is

conduct distinct from either the actual discharge, "otherwise use," or brandishing,

display or possession of a gun, as contemplated by § 2B3.1(b)(2)(A)-(F), and

§ 2K2.4, comment. (n.2).[2]  In other words, those acts alone do not automatically

create a situation where physical restraint of an individual occurs.  Instead,

something more must be done with the gun to physically restrain them.  We

---

[2]  The phrase "'[o]therwise used,' with reference to a dangerous weapon (including a firearm), means that the conduct did not amount to the discharge of a firearm but was more than brandishing, displaying or possessing a firearm or other dangerous weapon."  *United States v. Perkins*, 89 F.3d 303 , 307 (6th Cir. 1996) (quoting U.S.S.G. § 1B1.1, comment. (n.1(g))) (quotation marks omitted). Admittedly, one might argue physical restraint with a gun is something  more than brandishing, displaying or possessing a firearm, and therefore, falls within the "otherwise use" category of § 2B3.1(b)(2)(B), which Mr. Pearson argues cannot apply to § 924(c) sentences.  However, we think the sentencing guidelines, along with commentary thereto, indicates an intent to make restraint with a gun a distinct and separate act for the purpose of enhancing a sentence.  For example, § 2B3.1, comment. (backg'd) provides:  "Possession or use of a weapon, physical injury and *unlawful restraint* sometimes occur during a robbery.  The guideline provides for *a range of enhancements where these factors are present.*"  *Perkins*, 89 F.3d at 307 (emphasis added and alterations omitted).  In addition, § 2B3.1(b)(4)(B) specifically contemplates the cumulative application of increases to a defendant's offense level for weapon involvement by providing that "if any person was physically restrained to facilitate commission of the offense or to facilitate escape, increase by 2 levels."  We hold this language, along with the fact § 2B3.1(b)(4)(B) on physical restraint is specifically excluded from mention in § 2B3.1(b)(2)(A)-(F), and instead set out as its own subsection, shows an intent to make physical restraint with a gun something more than the "otherwise use" of a gun, for the purposes of enhancing a sentence under § 2B3.1.

believe the fact § 2K2.4 comment. (n.2.) does not mention § 2B3.1(b)(4) clearly

signifies the Sentencing Commission perceived no overlap between § 2B1.3(b)(2)

and § 2B1.1(b)(4)(B).  Instead, the Sentencing Commission intended for

§ 2B1.3(b)(2) not to apply when a robbery involves gun use and the defendant

received a § 924(c) conviction, but for § 2B1.1(b)(4)(B) to always apply where a

victim is restrained during a robbery, whether or not the restraint involved a gun.

In this case, Mr. Pearson did not only rob the bank by "otherwise" using,

brandishing, displaying or possessing the gun as contemplated by

§ 2B3.1(b)(2)(A)-(F), but also by holding it on two bank employees to keep them

from moving while his accomplice took a third employee to the bank vault.[3]  We

find the conduct of holding and pointing a gun directly on someone to physically

restrain them even more egregious than the "otherwise use," brandishing,

displaying or possessing a gun during the course of the robbery.  We also find the

act of restraining individuals, with or without a gun, is sufficient to apply the

enhancement at issue.  Therefore, we conclude § 2B3.1(b)(4)(B) allows

enhancement of Mr. Pearson's robbery sentence for the additional but distinctly

---

[3] Mr. Pearson's accomplice first held the gun to the head of a female bank employee, and then forced another employee to kneel beside her on the floor.  Mr. Pearson then took the gun from his accomplice and held it on these two employees.

egregious conduct of restraining an individual during a robbery, regardless of whether he also received § 924(c) conviction for possession of a firearm.

In making our determination, we rely, in part, on our application of § 2B3.1(b)(4)(B) when used in relation to another sentencing enhancement under §2B3.1 for use or possession of a firearm. In *United States v. Rucker*, 178 F.3d 1369, 1371-73 (10th Cir.), *cert. denied*, 120 S. Ct. 386 (1999), we determined no impermissible double counting occurred because enhancements for use of a firearm under § 2B3.1(b)(2)(B), and for physical restraint with a gun during a robbery under § 2B3.1(b)(4)(B), involved two distinct acts and punished two distinct harms. The same situation exists here where Mr. Pearson not only carried or used the gun during commission of a violent crime as contemplated by § 924(c), but held it on individuals in order to physically restrain them at gun point.

Accordingly, for the reasons stated, we **AFFIRM** Mr. Pearson's sentence.