**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 26 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MICHAEL PHILLIP SMITH,

Defendant-Appellant.

No. 99-4160
(D.C. No. 99-CR-130-C)
(D. Utah)

---

**ORDER AND JUDGMENT** *

---

Before **TACHA** , **PORFILIO** , and **ANDERSON** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Following the filing of a four count amended indictment, appellant Michael P. Smith pled guilty to one count of bank robbery in violation of

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

18 U.S.C. § 2113(a). He was sentenced to forty-one months' imprisonment and three years' supervised release. In this appeal, he challenges the district court's application of a two point sentencing enhancement under USSG § 2B3.1(b)(2)(F). We affirm.

The four bank robberies underlying the indictment took place between August 1998 and March 1999. In each instance, Mr. Smith approached a bank teller and demanded that cash be placed in a bag which he provided. In one incident, he handed the teller a note which read, "[n]o matter what the cops tell you, do not hit the silent alarm for 10 minutes or bad things will happen. My partner mustn't even smell a cop for 10 mins. Don't die for $$$." Rec. Vol. II, Complaint at 2.

The issue presented here is whether, based on that note and other relevant conduct included in the sentencing decision, the district court erred when it assessed a two point enhancement under § 2B3.1(b)(2)(F). That provision allows an enhancement where, during the commission of the robbery, "a threat of death was made." Mr. Smith maintains the notes and statements he used do not rise to that level. We review the district court's legal interpretation of this guideline de novo. *United States v. Lambert*, 995 F.2d 1006, 1008 (10th Cir. 1993).

Mr. Smith's challenge has three distinct components. First, he maintains the words and notes used during the robberies did not constitute threats of death

under the guideline definition. Second, he argues the enhancement was improper because he did not have the ability to carry out the harm. Finally, he maintains the district court's interpretation of the guideline subjects him to double counting because a threatened use of force is already inherent in the base offense level for robbery. We address these arguments in turn.

The commentary to § 2B3.1 provides ample support for the district court's conclusion that the note used here satisfied the "threat of death" standard. Commentary note 6 provides several examples which are substantially similar to the "don't die for $$$" note used in this case. *See* USSG § 2B3.1, comment. (n.6). In addition, this court has approved application of the enhancement in an analogous factual scenario. *See United States v. Hogan*, 116 F.3d 442, 443 (10th Cir. 1997) (approving application of the enhancement where the threat provided: "I have a gun. Pass the money over fast. No dye packs or you die."). We conclude the threat was sufficient to enhance under the guideline. *See* USSG § 2B3.1, comment. (n.6) (noting that the defendant does not have to state his intent to kill the victim in an express manner for the enhancement to apply).

Mr. Smith also maintains that because he did not have the present intent or ability to carry out the harm, application of the guideline was improper. "[T]here is no requirement in § 2B3.1(b)(2)(F) that the threat be realistic or actionable to be an express threat of death." *Hogan*, 116 F.3d at 444. We agree that no magic

words are required to bring the threat within the proper ambit of the guideline. Rather, the defendant is subject to the enhancement if the words used were "clear and direct." *Id.* Here, they were. Consequently, Mr. Smith's argument is unavailing.

Finally, Mr. Smith argues the threats he used were no greater than those which are inherent in the base offense level for robbery of a financial institution. As a result, he urges it constituted double counting to add the enhancement under § 2B3.1. Double counting "'occurs when the same conduct . . . is used to support separate increases under separate enhancement provisions which necessarily overlap, are indistinct, and serve identical purposes.'" *United States v. Blake*, 59 F.3d 138, 140 (10th Cir. 1995) (quoting *United States v. Flinn*, 18 F.3d 826, 829 (10th Cir. 1994)). It does not occur, however, if the predicates underlying the base offense and the enhancement "involved two distinct acts and punished two distinct harms." *United States v. Pearson*, No. 99-5143, 2000 WL 504862, at *2 (10th Cir. Apr. 28, 2000).

We have already determined the notes Mr. Smith used constituted express threats of death. That is the "'added something'" which this court has contemplated and justifies addition of the enhancement. *United States v. Fisher*, 132 F.3d 1327, 1329 (10th Cir. 1997) (quoting *United States v. Rosario*, 7 F.3d

-4-

319, 321 (2d Cir. 1993) (additional citation omitted)).  Consequently, we reject this argument as well.

Accordingly, the judgment of the United States District Court for the District of Utah is AFFIRMED.

Entered for the Court


Deanell Reece Tacha
Circuit Judge