**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 9 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JOSEPH VILLANUEVA,

    Defendant-Appellant.

No. 99-1399
(D. Colo.)
(D.Ct. No. 98-CR-51-N)

_____

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.

    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

    Appellant Joseph Villanueva, appearing through counsel who filed an

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, _res judicata_ and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

*Anders* brief,[1] appeals the sentence the district court imposed following his guilty plea.  We exercise our jurisdiction under 28 U.S.C. § 1291 and affirm.

Mr. Villanueva pled guilty to one count of armed bank robbery in violation of 18 U.S.C. § 2113(a), (d).  In committing this crime, Mr. Villanueva and his co-defendants entered a bank armed with guns.  Mr. Villanueva approached a teller at her window, pointed his gun, and demanded money.  Mr. Villanueva also pointed his gun directly at three other bank employees ordering them to the floor and instructing them to stay down.  With respect to one of these individuals, Mr. Villanueva pointed his small black handgun directly at the employee's head and said, "Get down with your hands on the floor."  In sentencing Mr. Villanueva, the district court applied a five-level enhancement under United States Sentencing Guideline (U.S.S.G.) § 2B3.1(b)(2)(C) for brandishing a firearm during the commission of the robbery.  The district court also applied a two-level enhancement under U.S.S.G. § 2B3.1(b)(4)(B) for physically restraining bank

---

[1] *See Anders v. California*, 386 U.S. 738, 744 (1967) (requiring counsel who finds an appeal to be wholly frivolous to advise the court, request permission to withdraw, and provide an accompanying brief referring to anything in the record that might arguably support the appeal.)  Accordingly, Mr. Villanueva's appellate attorney provided a brief outlining Mr. Villanueva's claims and noting his belief Mr. Villanueva's appeal is without merit and frivolous.  Mr. Villanueva's attorney also filed a motion requesting permission to withdraw as counsel.

personnel with a gun during the commission of the bank robbery. Applying these and other sentencing considerations, the district court sentenced Mr. Villanueva to seventy months incarceration.

On direct appeal, Mr. Villanueva does not dispute the facts underlying his conviction. Rather, Mr. Villanueva contests the district court's application of both U.S.S.G. §§ 2B3.1(b)(2)(C) and 2B3.1(b)(4)(B) to enhance his sentence, claiming together they constitute impermissible double counting. Specifically, Mr. Villanueva contends that because he received an enhancement for "brandishing" a firearm, he cannot also receive an enhancement for "physical restraint" of the victims with the same gun he brandished. Nevertheless, Mr. Villanueva's attorney acknowledges this Circuit settled a similar issue in *United States v. Pearson*, 211 F.3d 524 (10th Cir.), *cert. denied*, 121 S. Ct. 234 (2000),[2] and *United States v. Rucker*, 178 F.3d 1369 (10th Cir.), *cert. denied*, 120 S. Ct. 386 (1999). Counsel also recognizes this Court is bound by its prior decisions, as articulated in *United States v. Nichols*, 169 F.3d 1255, 1261 (10th Cir.), *cert. denied*, 120 S. Ct. 336 (1999). Mr. Villanueva's counsel nonetheless suggests

---

[2] Because the Supreme Court denied certiorari in *Pearson*, Mr. Villanueva's "Request To Await Decision Pending Outcome Of Certiorari Petition In [*United States v. Pearson*]" is moot.

this court should re-evaluate our holdings addressing double counting of enhancements when both enhancements involve the same gun. Defense counsel stated: "It is hard to imagine ... [Mr. Villanueva's] command to the bank personnel to lie on [the] floor to have been terribly meaningful without the presence of the gun." In sum, counsel argues Mr. Villanueva's enhancements "are so intertwined as to be part and parcel of the same transaction and conduct." Mr. Villanueva did not file his own brief outlining his sentencing arguments.

We begin with our standard of review. "We review the district court's application of the sentencing guidelines *de novo.*" *Pearson*, 211 F.3d at 525. Applying these standards, and after a complete review of the record, we find no merit in Mr. Villanueva's arguments on appeal. As Mr. Villanueva's attorney suggests, this Circuit fully addressed similar issues in *Pearson* and *Rucker*, and we are bound to our holdings in those cases. *See Nichols*, 169 F.3d at 1261. In *Rucker*, the defendant robbed a post office armed with a laser sight handgun. During the robbery, the defendant pointed the laser sight gun at customers and clerks and ordered them to the floor. *Id.* at 1370. We upheld a six-level enhancement for the defendant's "otherwise use" of a firearm during a robbery under § 2B3.1(b)(2)(B), together with a two-level enhancement based on physical restraint of the victims under § 2B3.1(b)(4)(B). *Id.* at 1370-73. In so holding, we

determined the enhancements did not necessarily overlap, were not indistinct and did not serve identical purposes. *Id.* at 1370. The reason behind our holding was that pointing a gun to physically restrain someone is a distinct act from, and does not overlap with, "otherwise using" or pointing a gun to commit a robbery. *Id.* In addition, we determined the enhancements did not serve identical purposes and caused distinct harms because pointing a gun with a laser sight at a victim causes a different type of harm than physically restraining a victim during a crime, whether with a gun or rope. *Id.*

Likewise in *Pearson*, the defendant's accomplice used a gun to force two bank employees to the floor, after which the defendant took the gun and held it on the two kneeling employees. 211 F.3d at 527 n.3. In that case, we upheld a two-level enhancement for physically restraining bank personnel under U.S.S.G. § 2B3.1(b)(4)(B), even though the defendant received an underlying conviction and sentence for carrying or using a firearm in commission of a crime of violence under 18 U.S.C. § 924(c). *Id.* at 526-27. Again, we found the act of restraining individuals, with or without a gun, sufficient to apply the enhancement, given the fact that restraint constitutes a distinctly egregious act beyond carrying, using or possessing a gun during a robbery. *Id.* at 527.

Similarly, in this case, several bank employees witnessed Mr. Villanueva enter the bank armed with a small black gun, point the gun at a teller, and demand money. Based on the evidence presented, the district court concluded Mr. Villanueva brandished the gun during the commission of the robbery.[3] However, when Mr. Villanueva took additional action with the gun, by using it to force bank employees to lie on the floor and demanding they stay down, he went beyond the act of merely brandishing his gun in commission of the robbery, to the act of restraining bank employees with the gun. Thus, contrary to Mr. Villanueva's contentions, his act in brandishing the gun during the robbery is not so intertwined with his using that gun to restrain victims that it constitutes the same conduct. Instead, like in *Rucker*, the acts supporting each enhancement are distinct, and the harm caused the victims by each act is different. 178 F.3d at 1373. For these reasons, we hold the district court did not err in sentencing Mr. Villanueva under both sentencing enhancements.

For these reasons, we **AFFIRM** the district court's judgment. We further grant the "Motion Of Defendant's Counsel For Leave To Withdraw," and deny

---

[3] Mr. Villanueva does not contest the fact he brandished the gun.

Mr. Villanueva's "Request To Await Decision Pending Outcome Of Certiorari Petition In [*United States v. Pearson*]" as moot.

                    **Entered by the Court:**

                    **WADE BRORBY**
                    United States Circuit Judge