**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 10 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

DYNA KHLEANG and JEREMY D.
JONES,

      Defendants - Appellants.

Nos. 00-3183 & 00-3184
(D.C. No. 99-20100-01/02)
(District of Kansas)

---

**ORDER AND JUDGMENT**[*]

---

Before **BALDOCK**, **HENRY** and **LUCERO**, Circuit Judges.

This order and judgment addresses the related appeals by defendants in

United States v. Khleang   and  United States v. Jones  .  Appellants Dyna Khleang

and Jeremy Jones entered pleas of guilty to armed bank robbery in violation of 18

U.S.C. § 2113(a), (d) and 18 U.S.C. § 2 and to brandishing a firearm during a

crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and 18 U.S.C. § 2.

Prior to sentencing, the district court granted the government's request to apply a

---

[*] The case is unanimously ordered submitted without oral argument
pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G).  This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel.  The Court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

two level enhancement to appellants' base level offenses under Sentencing Guideline § 2B3.1(b)(4)(B) for physically restraining a person to facilitate the offense. On appeal, appellants challenge the district court's determination that their conduct rose to the level of physical restraint.

The facts in these appeals are undisputed. "We therefore review de novo the district court's application of the sentencing guidelines." United States v. Fisher, 132 F.3d 1327, 1328 (10th Cir. 1997).

On December 14, 1999, appellants and one other individual robbed the Commercial Federal Bank in Overland Park, Kansas. After entering the bank, one of the robbers pointed a small semi-automatic pistol in various directions and the other two robbers vaulted over the tellers' counters. While the gun was being waved around, the robbers ordered the employees to get on the floor. Although the gun was not pointed at any particular individual for an extended period of time, the gun was "stuck" at teller Joy Ruge. ( See III R. Doc. 78 at 10 (stipulation by appellee that the gun was pointed around the room during the robbery, including "the wall or the floor or the ceiling or wherever it may be").) An addendum to the presentence investigation report states:

> One of the three female tellers, Joy Ruge, said she heard a robber say "get down you bitch" and then saw one of the robbers vault over the teller counter. Another robber came to her teller window, pointed the gun at her, and told her to get down. While she was on the floor, one of the robbers went through her drawers and slammed the lower drawer into her head when he pulled it open.

(IV R. at 20.)

"[A]ny person who, during and in relation to any crime of violence . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall . . . (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years . . . ." 18 U.S.C. § 924(c)(1)(A). The Sentencing Guidelines define "brandished" to "mean[] that all or part of the weapon was displayed . . . in order to intimidate." U.S.S.G. § 1B1.1 cmt. n.1(c).

Sentencing Guideline § 2B3.1(b)(4)(B) states that a court should increase an offender's base level by two if during a robbery the defendant physically restrained any person to facilitate the commission of the offense. This Court has determined that it is not "double counting" to sentence a defendant for brandishing under § 924(c)(1)(A) and to impose a sentence enhancement under Sentencing Guideline § 2B3.1(b)(4)(B). United States v. Pearson, 211 F.3d 524, 526 (10th Cir.), cert. denied, 121 S. Ct. 234 (2000). Such a sentence is permissible because the physical restraint enhancement requires an offender to do more than merely brandish a gun. In Pearson, we stated:

> [P]hysical restraint with a gun is conduct distinct from either the actual discharge, "otherwise use," or brandishing, display or possession of a gun . . . In other words, those acts alone do not automatically create a situation where physical restraint of an individual occurs. Instead, something more must be done with the gun to physically restrain them.

211 F.3d at 526 (emphasis added).

Although the term "physically restrained" is defined by application note 1(i) to Sentencing Guideline § 1B1.1 as "the forcible restraint of the victim such as by being tied, bound, or locked up" we have concluded that "physical restraint occurs whenever a victim is specifically prevented at gunpoint from moving, thereby facilitating the crime." United States v. Fisher, 132 F.3d 1327, 1330 (10th Cir. 1997). This conclusion follows from the fact that "[k]eeping someone from doing something is inherent within the concept of restraint." Id. Accordingly, in Fisher this Court affirmed the application of the physical restraint enhancement to increase a defendant's base offense level where, during the commission of a robbery, a security guard was restrained by gunpoint to the head. 132 F.3d at 1329. We also affirmed the application of the physical restraint enhancement to a defendant involved in robbing a United States Post Office because the facts established the defendant pointed a gun at the post office clerks and ordered them to comply with his demands. United States v. Rucker, 178 F.3d 1369, 1371 (10th Cir.), cert. denied, 528 U.S. 957 (1999). Finally, in Pearson, this Court held defendant's sentence was properly enhanced where, during the course of a robbery, bank employees were held at gunpoint in order to allow an accomplice to take another employee to the bank vault. 211 F.3d at 527.

Appellants argue that the § 2B3.1(b)(4)(B) sentence enhancement was erroneous because their conduct during the robbery did not amount to more than

brandishing.  Attempting to distinguish the facts of other Tenth Circuit cases involving the physical restraint enhancement    , appellants argue their cases lack the necessary durational component.  They point out that although one employee was individually ordered to get down while a gun was pointed at her, no single employee was specifically held at gunpoint.  They also argue that the mere intimidation of the victims through the general brandishing of a weapon does not rise to the level of physical restraint required by § 2B3.1(b)(4)(B).

We conclude that the determination of whether a victim was physically restrained in violation of Sentencing Guideline § 2B3.1(b)(4)(B) requires a sentencing court to look at the totality of the circumstances.  Therefore, we agree with appellants that in determining whether the physical restraint enhancement was properly applied we should examine the nature and duration of the restraint.  We note that the duration component requires us to examine both the duration of the period during which a gun was pointed at a victim as well as the duration of the physical restraint.

In the instant case, the requirements for physical restraint were met.  One employee briefly had a gun pointed at her while she was told to get on the floor, was verbally intimidated with vulgarities, and was in very close physical proximity to an offender–so close that her head was struck when the offender opened a drawer.  The bank employee was not only restrained by the pointing of

the gun at her, albeit brief in duration, but she was restrained further by the other robber's immediate physical proximity to her. (  See III R. Doc. 78 at 38-39 ("[T]he Court is looking at the harm that was caused, the nature of the victim's harm. [I]t's one thing to be . . . traumatized by being someone who is doing their job and have somebody come and say give me all your money, it's another thing to be traumatized further or perhaps differently by someone randomly waving a gun about, and it is yet another thing to be traumatized by having a gun pointed at you and told you do this, and in connection with all the rest of the context . . . here, vaulting over counters, saying obscenities to people, would encourage one, under those circumstances, to feel that their liberty was severely restricted.").) Accordingly, we affirm the district court's application of Sentencing Guideline § 2B3.1(b)(4)(B) to enhance the appellants' base level offenses.

The mandate shall issue forthwith.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge