**FILED**
**United States Court of Appeals**
**Tenth Circuit**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**April 1, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

THEODORE IAN CHAVEZ, IV,

Defendant - Appellant.

No. 24-2090
(D.C. No. 2:23-CR-01679-MIS-1)
(D.N.M.)

_____

## ORDER AND JUDGMENT*

_____

Before **PHILLIPS**, **MURPHY**, and **EID**, Circuit Judges.

_____

Theodore Chavez received two sentencing enhancements after his conviction for assaulting his intimate partner. The first enhancement was for causing permanent or life-threatening bodily injury, and the second was for strangling an intimate partner. *See* U.S.S.G. § 2A2.2. He argues the enhancements impermissibly double-counted the same conduct because strangulation always results in permanent or life-threatening bodily injury.

---

\* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Exercising our jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we affirm.

## BACKGROUND

On August 6, 2023, Chavez threw his longtime partner into a wall, pushed her into a door-jam, and strangled her to unconsciousness three times. Several days later, police arrested Chavez for assaulting his intimate partner in Indian Country.

A grand jury indicted Chavez on two charges: (1) assault of an intimate partner by strangling in violation of 18 U.S.C. §§ 113(a)(8), 1153; and (2) assault of an intimate partner resulting in substantial bodily injury in violation of 18 U.S.C. §§ 113(a)(7), 1153. The first count was based on the strangulation, and the second count was based on throwing his partner into the wall and door-jam. After a four-day trial, a jury convicted Chavez of the strangling charge and acquitted him of the substantial-bodily-injury charge.

Assault of an intimate partner by strangling under 18 U.S.C. § 113(a)(8) is an aggravated assault, which has a base offense level of 14. *See* U.S.S.G. § 2A2.2 cmt. n.1 ("'Aggravated assault' means a felonious assault that involved . . . strangling, suffocating, or attempting to strangle or suffocate . . . ."). After a seven-level enhancement for causing permanent or life-threatening bodily injury, a three-level enhancement for strangulation of an intimate partner, a two-level enhancement for physical restraint, and a two-level enhancement for obstruction of justice, Chavez's total offense level was 28. With a criminal

history category of I, Chavez's guideline sentencing range was 78 to 97 months. Chavez requested a sentence of "no more than twenty-four months," R. vol. II, at 76, and the government requested an upward variance to the statutory maximum of 120 months, R. vol. I, at 314.

Chavez objected to the seven-level enhancement for causing permanent or life-threatening injury, arguing that he was "already receiving a three-level enhancement for the act of strangulation, suffocation or the attempt" and "was acquitted of having caused serious bodily injury." R. vol. II, at 45. The district court overruled Chavez's objection because the government had "met its burden of an injury involving a substantial risk of death, by a preponderance." R. vol. III, at 1171–72; *see id.* at 584–85 (expert testifying at trial that every time Chavez applied pressure to the victim's neck during strangulation, it closed off blood flow to the brain, resulting in brain cells dying and traumatic brain injury); *id.* at 721–22 (another expert testifying at trial that the strangulation "result[ed] in the brain ceasing to function and unconsciousness," the "lungs ceasing to function," and "anoxic brain injuries," all of which presented a "grave risk of death"); *see also* R. vol. II, at 74 (probation office stating that the substantial risk of death occurred when "the victim was strangled to the point of unconsciousness on at least three occasions, the effects of which likely become increasingly dangerous based on extended periods of oxygen deprivation").

The court sentenced Chavez to a guideline sentence of 90 months' imprisonment, and Chavez timely appealed.

## STANDARD OF REVIEW

"Whether a district court impermissibly double counted is a question of law we review *de novo*." *United States v. Checora*, 175 F.3d 782, 794 (10th Cir. 1999). Chavez objected to the seven-level enhancement at sentencing, and the government does not contest that the objection preserved the issue for appeal.

## DISCUSSION

### I.    Sentencing Guidelines

"The Sentencing Guidelines are to be interpreted as if they were statutes or court rules and, in the absence of any contrary intention, we must apply their clear and unambiguous terms." *United States v. Duran*, 127 F.3d 911, 918 (10th Cir. 1997). "Where the plain language of the guidelines requires the court to use a factor more than once in computing a defendant's sentence, the court is obligated to apply the guidelines as written." *Id.*

Because "[n]umerous provisions of the Guidelines expressly prohibit a court from adjusting a defendant's sentence based on a factor that was already taken into account in computing the defendant's offense level," we assume "the Sentencing Commission plainly understands the concept of double counting, and expressly forbids it where it is not intended." *Id.* (cleaned up). But we may infer that the Sentencing Commission did not intend to use a factor more than

4

once when the "separate increases under separate enhancement provisions []
necessarily overlap, are indistinct, and serve identical purposes." *United States
v. Rucker*, 178 F.3d 1369, 1371 (10th Cir. 1999) (internal quotation marks
omitted). All three criteria must be satisfied to constitute impermissible double
counting. *Id.*

## II.    Chavez's Enhancements

Assault of an intimate partner by strangling under 18 U.S.C. § 113(a)(8)
is sentenced under § 2A2.2 of the guidelines. *See* U.S.S.G. § 2A2.2 cmt. n.1.
Because aggravated assault encapsulates various offenses, § 2A2.2 assigns a
base offense level of 14 and then specifies enhancements for more serious
conduct. The "Specific Offense Characteristics" for an aggravated assault are:

**(1)** If the assault involved more than minimal planning, increase by 2 levels.

**(2)** If (A) a firearm was discharged, increase by 5 levels; (B) a dangerous weapon (including a firearm) was otherwise used, increase by 4 levels; (C) a dangerous weapon (including a firearm) was brandished or its use was threatened, increase by 3 levels.

**(3)** If the victim sustained bodily injury, increase the offense level according to the seriousness of the injury:

| Degree of Bodily Injury | Increase in Level |
|---|---|
| (A) Bodily Injury | add 3 |
| (B) Serious Bodily Injury | add 5 |
| (C) Permanent or Life-Threatening Bodily Injury | add 7 |

(D) If the degree of injury is between that specified in subdivisions (A) and (B), add 4 levels; or

5

(E) If the degree of injury is between that specified in subdivisions (B) and (C), add 6 levels.

However, the cumulative adjustments from application of subdivisions (2) and (3) shall not exceed 10 levels.

**(4)** If the offense involved strangling, suffocating, or attempting to strangle or suffocate a spouse, intimate partner, or dating partner, increase by 3 levels.

However, the cumulative adjustments from application of subdivisions (2), (3), and (4) shall not exceed 12 levels. . . .

U.S.S.G. § 2A2.2(b). The district court enhanced Chavez's sentence by seven levels under subdivision (3)(C) for inflicting a permanent or life-threatening bodily injury and by three levels under subdivision (4) for strangling an intimate partner.

Chavez argues that because strangling always involves a substantial risk of death, the district court impermissibly applied sentencing enhancements for both strangulation of an intimate partner and causing a life-threatening injury. But because (1) the guidelines direct a cumulative application and (2) the enhancements do not necessarily overlap, are distinct, and serve different purposes, *Rucker*, 178 F.3d at 1371, both enhancements were proper.

## A.    Expressly Cumulative

First, the guidelines direct a cumulative application of the disputed enhancements here. *Cf. Duran*, 127 F.3d at 918 ("Where the plain language of the guidelines requires the court to use a factor more than once in computing a defendant's sentence, the court is obligated to apply the guidelines as

6

written."). Section 2A2.2 of the guidelines states, "[T]he *cumulative* adjustments from application of subdivisions (2), (3), and (4) shall not exceed 12 levels." U.S.S.G. § 2A2.2(b)(4) (emphasis added). And the Supplement to Appendix C specifically references strangling:

> [T]he cumulative impact of the enhancement for use of a weapon at § 2A2.2(b)(2), *bodily injury at § 2A2.2(b)(3)*, and *strangulation or suffocation at § 2A2.2(b)(4)* is capped at 12 levels . . . [to] assure that these three specific offense characteristics, which data suggests co-occur frequently, will enhance the ultimate sentence without leading to an excessively severe result.

U.S.S.G. Supp. to App'x C, Amendment 781, at 57 (Nov. 1, 2024), https://www.ussc.gov/guidelines/2024-guidelines-manual-annotated (link to PDF under heading "Appendices B & C"). So "the clear and unambiguous language of [the guidelines] requires the very double counting of which [the defendant] complains." *Duran*, 127 F.3d at 918. And because Chavez's cumulative adjustments from his seven-level enhancement under (3)(C) and his three-level enhancement under (4) is less than twelve, the district court perfectly complied with the guidelines.

### B.    *Rucker*'s Three-Part Test

Second, Chavez cannot satisfy *Rucker*'s three-part test. *See Rucker*, 178 F.3d at 1371. Chavez asserts that because the "definition of strangling always encompasses a substantial risk of death," it "necessarily overlaps, and is indistinct from a life-threatening injury." Op. Br. at 14. But he operates from an incorrect premise—the definition of strangling does not always encompass a

7

substantial risk of death. Because "strangling" under § 2A2.2 includes *attempted* strangling, a victim might not suffer any injury, let alone a permanent or life-threatening injury. *See* § 2A2.2(b)(4) ("If the offense involved strangling, suffocating, or attempting to strangle or suffocate . . . increase by 3 levels."). And even if it were true that the enhancement for strangling an intimate partner necessarily overlapped with the enhancement for a life-threatening injury, Chavez would still fail to satisfy the *Rucker* test because "[i]t is not sufficient to establish that enhancement A necessarily implicates enhancement B: one must also show that enhancement B necessarily implicates enhancement A." *United States v. Fredette*, 315 F.3d 1235, 1244 (10th Cir. 2003); *see also Rucker*, 178 F.3d at 1371–72 ("It is true that § 3B1.1(a) 'necessarily overlaps' with § 2F1.1(b)(2)," but "the converse is not true, and therefore the enhancements are certainly not indistinct").

"A successful double counting claim must demonstrate that the two enhancements *necessarily* overlap in every conceivable instance, not just that they overlap often." *United States v. Browning*, 252 F.3d 1153, 1160 (10th Cir. 2001). But there are many ways to receive one of the enhancements but not the other. For example, if a defendant strangled his neighbor until his neighbor lost consciousness, the neighbor would have suffered a permanent or life-threatening injury, and the defendant could receive a seven-level adjustment under (3)(C). But that defendant could not receive the three-level adjustment under (4) because the neighbor is not a spouse, intimate partner, or

dating partner. Similarly, if a defendant tried—but failed—to strangle his spouse, the defendant would receive a three-level adjustment under (4) and no adjustment under (3)(C) if the victim sustained no injuries from the attempt. And a defendant who successfully strangles his dating partner, but not to unconsciousness, could receive the three-level adjustment under (4) and a smaller adjustment under (3)(A) or (3)(B) depending on the dating partner's injury. Because it is possible to be sentenced under (3)(C) without receiving an enhancement under (4), the district court "did not engage in impermissible double counting." *Duran*, 127 F.3d at 919.

Chavez also cannot show that the enhancements serve an identical purpose. The enhancement under (3)(C) is based on the severity of the victim's injury, but the enhancement under (4) is based on the defendant's especially dangerous conduct against a certain category of victim. As the government points out, the enhancement under (4) was added to the guidelines in 2014 because "strangulation and suffocation of a spouse, intimate partner, or dating partner represents a significant harm *not addressed* by existing guidelines and specific offense characteristics." U.S.S.G. Supp. to App'x C, Amendment 781, at 56 (emphasis added). This method of harm (strangulation) against this type of victim (domestic partner) "is serious conduct that warrants enhanced punishment regardless of whether it results in a provable injury that would lead to a bodily injury enhancement." *Id.* at 57. So the two enhancements address different purposes. Chavez fails to satisfy the double-counting test.

9

## CONCLUSION

Because § 2A2.2 expressly calls for cumulating enhancements, and the two enhancements do not necessarily overlap, are distinct, and serve different purposes, the two sentencing enhancements are proper. We affirm.

Entered for the Court

Gregory A. Phillips
Circuit Judge