**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 23 1997**

**PATRICK FISHER**
**Clerk**

PUBLISH

# UNITED STATES COURT OF APPEALS
# TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

    No. 97-5056

RAY BESHERA FISHER,

    Defendant-Appellant.

---

Appeal from the United States District Court
for the Northern District of Oklahoma
(D.C. No. 96-CR-148-K)

---

Submitted on the briefs:

Michael G. Katz, Federal Public Defender, and Susan L. Foreman, Assistant
Federal Public Defender, Denver, Colorado, for Defendant-Appellant.

Stephen C. Lewis, United States Attorney, and T. Scott Woodward, First Assistant
United States Attorney, Tulsa, Oklahoma, for Plaintiff-Appellee.

---

Before **SEYMOUR**, Chief Judge, **PORFILIO** and **MURPHY**, Circuit Judges.

---

**SEYMOUR**, Chief Judge.

Ray Beshera Fisher, who was indicted along with four others, pled guilty to one count of conspiracy to commit armed bank robbery in violation of 18 U.S.C. § 371 and one count of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d). The district court sentenced him to 136 months imprisonment followed by five years of supervised release pursuant to U.S.S.G. § 2B3.1. In doing so, the court added the following enhancements to the base offense level: two levels for causing a victim bodily harm and two levels for physical restraint of a victim.[1] In addition, the court ordered Mr. Fisher and other co-defendants to each pay restitution in the amount of $10,282.71. Mr. Fisher asserts on appeal that the district court improperly increased his sentence for physical restraint of a victim and improperly ordered him to pay restitution for the entire amount of loss, including losses for which he was not responsible. We affirm.[2]

I.

The relevant facts are as follows. Coconspirators asked Mr. Fisher to drive them to a bank in a Jeep Cherokee. En route, Mr. Fisher learned that the

---

[1]The district court added other enhancements, none of which is at issue in this appeal.

[2]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Jeep had been stolen and that the purpose of the trip was to rob the bank. Coconspirators entered the bank, leaving Mr. Fisher outside with a child's walkie-talkie to warn them if anything went wrong. Inside the bank, one coconspirator hit a security guard on the head with a stolen firearm and then held the gun to the guard's head as the other coconspirators jumped the teller counter and took $9,657.00. Mr. Fisher later received approximately $700.00 as his share of the robbery proceeds. He did not participate in the original theft of the Jeep or the firearm.

Under the guidelines for robbery, U.S.S.G. § 2B3.1, the district court set Mr. Fisher's base offense level at 20. The court then added the following fourteen levels for specific offense characteristics under U.S.S.G. § 2B3.1(b)(1) to (5): two for the taking of financial institution property; seven because a firearm was discharged; two because the security guard sustained bodily injury; two because the guard was physically restrained; and one because a firearm was taken from the guard during the robbery. Mr. Fisher contends on appeal that the district court improperly determined the security guard had been "physically restrained" within the meaning of the sentencing guidelines, and that the court erred in setting the amount of restitution. We address each argument in turn.

II.

The facts underlying the conviction are undisputed. We therefore review de novo the district court's application of the sentencing guidelines. See United States v. Roberts, 898 F.2d 1465, 1469 (10th Cir. 1990).

The guideline governing robbery sets forth a variety of offense characteristics allowing enhancement of the base sentence. A sentence may be increased two levels for conduct resulting in bodily injury to a victim, U.S.S.G. § 2B3.1(b)(3), or for conduct resulting in physical restraint of a victim to facilitate the crime, U.S.S.G. § 2B3.1(b)(4). Mr. Fisher argues that the conduct underlying the striking of the security guard with the firearm was improperly double-counted because the act of hitting someone with a gun necessarily requires that the gun will be "held to" that person at some point. We disagree.

The application instructions accompanying the sentencing guidelines contemplate cumulative application of the enhancements for specific offense characteristics:

> The offense level adjustments from more than one specific offense characteristic within an offense guideline are cumulative (added together) unless the guideline specifies that only the greater (or greatest) is to be used. Within each specific offense characteristic subsection, however, the offense level adjustments are alternative; only the one that best describes the conduct is to be used.

U.S.S.G. § 1B1.1, comment. (n.4).[3]  Impermissible double counting or cumulative

sentencing

> "occurs when the same conduct on the part of the defendant is used
> to support separate increases under separate enhancement provisions
> which necessarily overlap, are indistinct, and serve identical
> purposes."

United States v. Blake, 59 F.3d 138, 140 (10th Cir. 1995) (quoting United States

v. Flinn, 18 F.3d 826, 829 (10th Cir. 1994)).

The same or similar conduct may justify the application of more than one

enhancement where more than one discrete *effect* emanates from the conduct.

"[N]o double counting occurs where, although the conduct underlying the two

enhancements is the same, a single guideline provision requires the district court

to increase the defendant's sentence based on different *aspects* of the defendant's

conduct."  United States v. Perkins, 89 F.3d 303, 310 (6th Cir. 1996).  Here, Mr.

Fisher's sentence was increased because the guard was physically restrained with

the gun and because, either separately or in the process, he suffered bodily injury.

---

[3]Mr. Fisher argues that since he received a seven-level enhancement for discharge of a firearm under § 2B3.1(b)(2)(A), the two-level increase for "otherwise" using the firearm to physically restrain a victim is barred by the rule requiring that only the category that best describes the conduct be applied.  Mr. Fisher's argument is misplaced.  The district court increased Mr. Fisher's sentence by two levels for using the firearm to effect a physical restraint of the security guard pursuant to § 2B3.1(b)(4)(B), a separate subcategory of offense characteristics, not for "otherwise using" the firearm pursuant to § 2B3.1(b)(2)(B).  In this regard, use of the firearm was incidental to its result -- that being physical restraint -- as we discuss infra.

Moreover, in this case, the conduct warranting the physical restraint enhancement was actually distinct from the conduct supporting the bodily injury enhancement in that the coconspirator struck the security guard with the gun and then restrained him by holding the gun to his head for a period longer than it took to strike him.  See id.

Mr. Fisher next argues that the enhancement for physical restraint constituted double-counting because the effort to dissuade the guard from moving and interfering with the robbery by holding a gun to his head added nothing to the basic crime of robbery and thus had already been counted in the base offense level.  On this theory, the coconspirator's conduct in holding the gun to the guard's head is subsumed in the crime of robbery because all robbery involves a taking by force.  Once again, we disagree.

It is well established that "physical restraint is not an element of the offense of robbery."  United States v. Rosario, 7 F.3d 319, 321 (2d Cir. 1993). "Robbery need not involve a physical holding, and one can envision various types of robberies involving no restraint at all."  United States v. Mikalajunas, 936 F.2d 153, 156 (4th Cir. 1991).  The enhancement for physical restraint is applicable when the defendant uses force to impede others from interfering with commission of the offense.  See Rosario, 7 F.3d at 321 ("Rosario facilitated the commission of the offense in that the victim 'could do nothing about [his] situation because of

the physical restraint.'  Facilitation of the offense is the 'added something' which justifies the imposition of the physical restraint enhancement.") (citations omitted).

Although Mr. Fisher argues that restraint occurs only when a victim is either physically touched or forced to do something at gunpoint, we reject this limitation.  Physical restraint is not limited to physical touching of the victim. See United States v. Doubet, 969 F.2d 341, 346 (7th Cir. 1992).  Rather, physical restraint occurs whenever a victim is specifically prevented  at gunpoint from moving, thereby facilitating the crime.  See id. at 346-47; United States v. Jones, 32 F.3d 1512, 1519 (11th Cir. 1994); United States v. Thompson, 109 F.3d 639, 641 (9th Cir. 1997).  *Keeping someone from doing something* is inherent within the concept of restraint, and in this case one coconspirator deliberately kept the security guard at bay by pointing a gun directly at his head while two others looted the teller counter.  See, e.g., United States v. Foppe, 993 F.2d 1444, 1452 (9th Cir. 1993) ("The dictionary defines 'restraint' as (1) the act of holding back from some activity or (2) by means of force, an act that checks free activity or otherwise controls.") (citation omitted); United States v. Robinson, 20 F.3d 270, 279 (7th Cir. 1994) (spraying of mace effected physical restraint because it prevented the victim from chasing after robber and impeded victim's movement

for some time).  The district court properly applied the two-level increase for physical restraint.

III.

Mr. Fisher also appeals the district court's order of restitution contending the court erred by ordering restitution in an amount that exceeded the total loss and by holding Mr. Fisher accountable for the theft of the Jeep for which he was not responsible.  Because Mr. Fisher did not object to the order of restitution at sentencing, we review it for plain error.  See Fed. R. Crim. P. 52(b); United States v. Lampley, No. 96-7074, 1997 WL 644459, at *2 (10th Cir. Oct. 20, 1997).

It is true that the sentencing court may not order restitution in an amount greater than the total loss caused.  See United States v. Arutunoff, 1 F.3d 1112, 1121 (10th Cir. 1993).  Here, although coconspirators were also ordered to repay the full amount of the loss, the Judgment and Sentence specifies that payment shall not exceed the compensable injury.  There was thus no error.

With respect to the Jeep, we find nothing in the record to indicate that the district court committed error that was "particularly egregious," "obvious," or "substantial," the plain error standard, in determining the amount to be paid for the damage to the Jeep.  See United States v. Gilkey, 118 F.3d 702, 704 (10th Cir. 1997).  Moreover, a disputed question of fact is deemed waived if not raised

below.  See id.; United States v. Ciapponi, 77 F.3d 1247, 1252 (10th Cir.), cert. denied, 116 S. Ct. 1839 (1996).  Inasmuch as the amount assessed for the *theft* of the Jeep, as opposed to the *damage* subsequently done to it, is a disputed fact question we decline to address it.

We **AFFIRM** Mr. Fisher's sentence and the order of restitution.