**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 1 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JOSEPH PATRICK TRUJILLO,

    Defendant-Appellant.

No. 97-2206
(D.C. No. CR-96-746-JC)
(D. New Mexico)

**ORDER AND JUDGMENT**[*]

Before **BRORBY, HOLLOWAY,** and **EBEL,** Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this appeal.

*See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted

without oral argument.

Defendant-appellant, Joseph Trujillo, appeals the district court's order of restitution

following conviction of armed bank robbery on a plea of guilty. The question presented is

whether the district judge imposed an illegal sentence for excessive restitution to the bank

---

[*]This order and judgment is not binding precedent, except under the doctrines of law
of the case, res judicata, and collateral estoppel. This court generally disfavors the citation
of orders and judgments; nevertheless, an order and judgment may be cited under the terms
and conditions of 10th Cir. R. 36.3.

by Trujillo by ordering payment to the bank for the entire loss of $6,413 and also providing that restitution "is ordered jointly and severally with any of the defendants." II R. at 15. We have jurisdiction under 28 U.S.C. § 1291 and vacate the restitution portion of the sentence and remand.

In December 1996, Joseph Trujillo, along with his sisters, Darlene and Jeanette, committed an armed bank robbery of the Bank of Santa Fe in Santa Fe, New Mexico. As a result of information from a passing driver, Trujillo was located and arrested promptly by FBI agents that day. During subsequent interviews, Trujillo admitted that he and his sisters had robbed the Bank of Santa Fe and he cooperated by providing details and assisting in the apprehension of his sisters.

An information was filed against Trujillo on December 20, 1996, charging his commission of the armed bank robbery. I R., Tab 10. The information alleged that he took $6,821 from the bank during the robbery. On January 10, 1997, Trujillo waived prosecution by indictment and entered a plea of guilty to the information.

Trujillo's sentencing hearing was held on May 30, 1997. Following a reduction of five levels for substantial cooperation, the judge sentenced Trujillo to 36 months' imprisonment and five years of supervised release. Additionally, pursuant to the Victim and Witness Protection Act (VWPA), 18 U.S.C. § 3663, the judge ordered Trujillo to make restitution to the bank in the amount of $6,413, which was found to be the total loss to the bank in the written judgment entered June 17, 1997. I R., Tab 23. Because other participants

were involved in the robbery, the judge stated in his oral pronouncement of sentence that "[r]estitution is ordered jointly and severally with any of the defendants." II R. at 15. Trujillo's sisters also pled guilty and their sentencing hearing was held on August 19, 1997, and written judgments were entered on August 28 and September 8, 1997, as to them.

Following oral pronouncement of the sentence, Trujillo's attorney represented to the judge that Trujillo was prepared to pay the entire amount of restitution within a week of the sentencing. Counsel for Trujillo inquired, "Is it the Court's order that he would be required to pay one-third of that." II R. at 16. The judge responded that "If he has the $6,400, I'll order him to pay. It never came out in the presentence report as to where that money had gone. So, if he has the money, he can pay it all." II R. at 16-17. The judge then stated that "when I sentence his sisters, I'll have them reimburse him." Id. at 17.

As noted, the written judgment in Trujillo's case found that the total loss was $6,413 and provided that Trujillo should make restitution to the bank in that amount. I R., Tab. 23. No reduction was made in the written order for restitution by Trujillo, nor is there any indication therein that joint and several liability was imposed. A review of the judgments entered in the cases of Trujillo's sisters reveals that each sister was ordered to pay $2,137.66 to the bank, representing one-third of the total loss of $6,413. I Supp. R., Tabs 1 and 2. The written judgments concerning the sisters also provided that partial restitution is ordered due to joint and several responsibility "between the defendant and two codefendants." Id. at Tabs 1 and 2.

There is an apparent conflict between the judge's oral pronouncement of restitution ordered during Trujillo's sentencing and the written judgments entered respecting the three defendants in that the judgment with respect to Joseph Trujillo has no reference to partial restitution being ordered by him, or to joint and several responsibility, I R., Tab 23 at 4, unlike the judgments with respect to his sisters. I Supp. R., Tabs 1 and 2. A further problem arises in that the written judgments would appear to give the bank more in restitution from the three defendants than the total amount of its loss, a result at odds with the VWPA and our precedents. United States v. Gottlieb, _____ F.3d _____, 1998 WL 152984 (10th Cir. 1998). See also United States v. Fisher, 132 F.3d 1327, 1330 (10th Cir. 1997) (a sentencing court may not order restitution in an amount greater than the total loss); United States v. Arutunoff, 1 F.3d 1112, 1121 (10th Cir. 1993) ("the loss caused by the conduct underlying the offense of conviction . . . limits a court's authority to award restitution for an offense involving multiple defendants.").

The government argues that the district court did not impose an illegal sentence. Appellee's Answer Brief at 6. It says that the oral pronouncement for restitution, which controls, was correct by providing for joint and several liability by Trujillo. Hence the government suggests that we should remand with instructions that the written judgment be corrected to conform to the sentence pronounced orally, or that Trujillo be directed to file a motion under Fed. R. Crim. P. 36 for correction of a clerical mistake. Id.

For reasons we have given above, we feel it is unclear from the record exactly what

was intended. In such a case we should vacate the restitution portion of the judgment and remand to the district judge for clarification. Gottlieb, supra.

Accordingly, the provisions of the sentence as to defendant Joseph Trujillo concerning restitution are **VACATED** and the case is **REMANDED** for clarification by the district judge and entry of a corrected sentence respecting restitution.

Entered for the Court



William J. Holloway, Jr.

Circuit Judge