**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 27 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

PHOMA XAYASO,

        Defendant - Appellant.

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

MESA RITH, also known as Jago
Rith, also known as Mesa Jago, also
known as Rith Mesa,

        Defendant - Appellant.

No. 01-4055
(D.C. No. 2:98-CR-586-03-C)
(D. Utah)

No. 01-4100
(D.C. No. 2:98-CR-586-02-C)
(D. Utah)

---

**ORDER AND JUDGMENT** *

---

Before **KELLY** and **BALDOCK** , Circuit Judges, and **BRORBY** , Senior Circuit
Judge.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The cases are therefore ordered submitted without oral argument.

Phoma Xayaso and Mesa Rith were convicted of armed bank robbery (18 U.S.C. § 213(a) and (d)) and carrying and using a firearm during a crime of violence (18 U.S.C. § 924(c)). In this appeal, they ask that their sentences be vacated and their cases be remanded for resentencing. Appellants were co-defendants and the resolution of their issues relies on identical facts and a common record. Accordingly, we have companioned these appeals for disposition. *See* Fed. R. App. P. 3(b)(2)(2). We exercise jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742 and we affirm.

**Factual Background**

On November 24, 1998, defendant Xayaso and an individual named Sonasi Pouha robbed the Zion's First National Bank in Magna, Utah. Both robbers were masked and gloved, and carried firearms. They left the bank with about $7,300. Defendant Rith was the driver of the get-away car.

During the robbery, Mr. Xayaso mainly stayed in the lobby area, holding a rifle at waist level. At one point, he approached a branch manager who was

talking on the telephone, silently pointed the rifle at her, and hung up the phone. Mr. Pouha advanced on the tellers, pointed the revolver, and shouted at them to give him their money. One of the tellers voluntarily fell to the floor in an effort to activate an alarm. As soon as Mr. Pouha noticed the teller, he shouted for him to get up.

The charges against Mr. Xayaso and Mr. Rith proceeded to a jury trial. Mr. Pouha entered a guilty plea and testified at trial on behalf of the government. The co-defendants were convicted of armed bank robbery and carrying and using a firearm during that crime.

At sentencing, the district court found that the co-defendants had brandished their weapons, resulting in an increase of the mandatory minimum sentence from five years to seven years. *See* 18 U.S.C. § 924(c)(1)(A)(ii). Furthermore, the court concluded that the facts warranted a two-level sentencing increase for the physical restraint of a person "to facilitate commission of the offense," USSG § 2B3.1(b)(4)(B). Mr. Xayaso was sentenced to a total prison term of 161 months; Mr. Rith was sentenced to a total prison term of 221 months.

On appeal, Mr. Xayaso and Mr. Rith raise substantially the same arguments: (1) that the "brandishing" of a firearm is not a sentencing factor, but rather is an element of the crime of carrying a firearm during a crime of violence, which must be charged in indictment and proved beyond reasonable doubt; and

(2) that the district court erred by adjusting their offense level upward based on findings of physical restraint of a victim during the robbery.

## *United States v. Xayaso*, No. 01-4055

For his first issue on appeal, Mr. Xayaso states that the indictment in this case charged him with using and carrying a firearm, in violation of 18 U.S.C. § 924(c), but did not include a reference to brandishing. He argues that, under the reasoning of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the brandishing clause of § 924(c)(1)(A)(ii) sets forth an element of the offense that must be specifically charged in the indictment.[1]

Mr. Xayaso did not raise this challenge before the district court. We therefore review the issue for plain error. Fed. R. Crim. P. 52(b). Under the plain-error standard, appellant must demonstrate that the trial court erred, the error was plain, and the error affected his substantial rights. *See United States v.*

---

[1]    Section 924(c)(1)(A) provides, in pertinent part:

[A]ny person who, during and in relation to any crime of violence . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence . . . --

(i) be sentenced to a term of imprisonment of not less than 5 years;

(ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years. . . .

*Cernobyl*, 255 F.3d 1215, 1218 (10th Cir. 2001) (citing *United States v. Olano*, 507 U.S. 725, 732 (1993)). This court has discretion to remedy plain error if the error seriously affects the fairness, integrity or public reputation of the judicial proceedings. *Id*. (quoting *Olano*, 507 U.S. at 732).

The Supreme Court has recently made it plain that a district court does not err in basing a two-year increase in the minimum sentence on a judicial finding of brandishment. The Court directly held that brandishing is a "sentencing factor[] to be found by the judge, not an offense element to be found by the jury." *Harris v. United States*, 122 S. Ct. 2406, 2414 (2002). [2] Contrary to Mr. Xayaso's contentions, this factor "need not be alleged in the indictment, submitted to the jury, or proved beyond a reasonable doubt." *Id*. at 2420. [3] We uphold the imposition of the increased mandatory minimum sentence under § 924(c)(1)(A)(ii).

Mr. Xayaso also asserts that the district court erred in applying the physical restraint guideline to his offense. "We review the district court's interpretation and application of the Sentencing Guidelines de novo and its factual findings for clear error." *United States v. Turner*, 285 F.3d 909, 915 (10th Cir. 2002)

---

[2] *Harris* achieved a majority of the Court's vote only as to Parts I, II, and IV of the opinion. The statement on which we rely here is contained in Part II, and is therefore the holding of the Court

[3] This language is from Part IV of the *Harris* opinion.

(quotation omitted), *petition for cert*. *filed*, (U.S. July 1, 2002) (No. 02-5120). We give "due deference" to the district court's application of the sentencing guidelines to the facts. 18 U.S.C. § 3742(e).

The sentencing guidelines authorize a two-level upward adjustment from the base offense level for a robbery "if any person was physically restrained to facilitate commission of the offense or to facilitate escape." USSG § 2B3.1(b)(4)(B). Mr. Xayaso argues that his and Mr. Pouha's conduct toward bank employees did not amount to physical restraint.

In *United States v. Fisher*, 132 F.3d 1327 (10th Cir. 1997), we held that "[p]hysical restraint is not limited to physical touching of the victim. Rather, physical restraint occurs whenever a victim is specifically prevented at gunpoint from moving, thereby facilitating the crime. *Id.* at 1329-30 (citation omitted). *see also United States v. Pearson*, 211 F.3d 524, 525-26 (10th Cir.) (citing *Fisher* approvingly and noting that "we have determined an enhancement for physical restraint is applicable when the defendant uses force, including force by gun point, to impede others from interfering with commission of the offense"), *cert. denied*, 531 U.S. 899 (2000).

Under the well-established Tenth Circuit interpretation of USSG § 2B3.1(b)(4)(B), the district court properly applied the guideline to Mr. Xayaso's case. Using his rifle at close range, Mr. Xayaso restrained the bank manager from

remaining on the telephone and reporting the robbery to the person on the other end of the line. Additionally, Mr. Pouha pointed his pistol at a teller attempting to activate an alarm and ordered him to stand. Both of these actions amounted to the use of force in an attempt to facilitate the bank robbery. The two-level adjustment for restraint of a victim was proper.

### *United States v. Rith*, No. 01-4100

Mr. Rith admits that, as the getaway car driver, he was an aider and abetter in the bank robbery and thus liable for the acts committed by Mr. Xayaso and Mr. Pouha. For the same reasons we have rejected identical arguments made by Mr. Xayaso, we determine that Mr. Rith's arguments fail. The increased mandatory minimum sentence for brandishing a firearm, under § 924(c)(1)(A)(ii), and the two-level adjustment for the physical restraint of a victim, USSG § 2B3.1(b)(4)(B), were appropriate. We grant the government's motion for leave to incorporate and use the record on appeal as designated in Mr. Xayaso's case, No. 01-4055.

**Conclusion**

In *United States v. Xayaso*, No. 01-4055, the judgment of the district court is AFFIRMED. In *United States v. Rith*, No. 01-4100, the judgment of the district court is AFFIRMED.

Entered for the Court


Bobby R. Baldock
Circuit Judge