**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 2 2004**

**PATRICK FISHER**
**Clerk**

PUBLISH

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WESLEY DENNIS COLDREN,

Defendant - Appellant.

No. 03-5119

---

**Appeal from the United States District Court
for the Northern District of Oklahoma
(D.C. No. 02-CR-146-H)**

---

**Submitted on the briefs:**[*]

Paul D. Brunton, Federal Public Defender, and Barry L. Derryberry, Research and Writing Specialist, Tulsa, Oklahoma, for Defendant-Appellant.

David E. O'Meilia, United States Attorney, and Kevin Danielson, Assistant United States Attorney, Tulsa, Oklahoma, for Plaintiff-Appellee.

---

Before **EBEL**, **MURPHY** and **McCONNELL**, Circuit Judges.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case therefore is ordered submitted without oral argument.

**EBEL**, Circuit Judge.

Defendant Wesley Coldren challenges the sentence he received for possessing a firearm after being previously convicted of a felony in violation of 18 U.S.C. § 922(g)(1). The issue in this case is whether the United States Sentencing Guidelines allowed the district court to enhance Coldren's sentence both under § 2K2.1(b)(5) for using the firearm in connection with another felony offense and also under § 3A1.2(b)(1) for assaulting a law enforcement officer in a manner creating a substantial risk of bodily injury. Both adjustments were based upon an incident in which Coldren aimed a semiautomatic rifle at a police officer who had approached his vehicle. For the reasons given below, we hold that the district court correctly applied the sentencing guidelines and we AFFIRM.

## BACKGROUND

The facts relevant to this appeal are not in dispute. Coldren, a convicted felon, was speaking to his girlfriend on a pay phone outside a Locust Grove, Oklahoma, convenience store and a heated argument ensued. Coldren appeared to become agitated and violent, and an alarmed store clerk called the police. The officer who arrived at the scene observed Coldren screaming and jerking the telephone cord. As Coldren stepped away from the pay phone towards his truck,

the officer ordered him to stop and said "come here." Coldren responded by cursing at the officer and entering the driver's side of his vehicle.

At that point, the officer approached the passenger door of Coldren's truck and opened it. Coldren pulled a .223 caliber semiautomatic rifle from between the seats and aimed it at the officer. The officer drew his weapon and retreated as Coldren sped away. The officer then followed in pursuit, and Coldren ultimately surrendered. About 30 minutes later, police found the rifle alongside the roadway with a round in the chamber. Police also found a backpack nearby that contained, among other things, 220 rounds of .223 ammunition.

Coldren pled guilty to being a felon in possession of a firearm. The Presentence Investigation Report assigned Coldren a base offense level of 14 pursuant to USSG § 2K2.1(a)(6).[1] It then increased his offense level four points under USSG § 2K2.1(b)(5) for using a firearm in connection with another felony offense — namely, feloniously pointing a firearm in violation of Oklahoma law. Three more points were added under USSG § 3A1.2(b)(1) for assaulting a law enforcement officer during the course of the offense in such a manner as to cause a substantial risk of serious bodily injury. Two points were then added under USSG § 3C1.2 for recklessly creating a substantial risk of death or serious bodily

---

[1] The report applied the 2002 edition of the United States Sentencing Guidelines Manual.

- 3 -

injury to others in the course of his flight.  Finally, Coldren's offense level was reduced three points under USSG § 3E1.1(a) and (b) for acceptance of responsibility, giving him a total offense level of 20.  The district court accepted the report and sentenced Coldren to 40 months imprisonment.

## ANALYSIS

On appeal, Coldren argues that the district court impermissibly double counted the fact that he pointed a rifle at a police officer because this conduct served as the factual basis for both the four-point increase under § 2K2.1(b)(5) (use of the weapon in connection with another felony)[2] and the three-point increase under § 3A1.2(b)(1) (assaulting a police officer).[3]

We exercise jurisdiction to review the defendant's sentence pursuant to 18 U.S.C. § 3742(a).  Because this case involves the district court's legal

---

[2]  Section 2K2.1(b)(5) – a specific offense characteristic for certain firearms crimes – states: "If the defendant used or possessed any firearm or ammunition in connection with another felony offense ... increase by 4 levels.  If the resulting offense level is less than level 18, increase to level 18."  U.S. Sentencing Guidelines Manual § 2K2.1(b)(5) (2002).

[3]  Section 3A1.2(b)(1) – a victim-related adjustment – states: "If, in a manner creating a substantial risk of serious bodily injury, the defendant ... knowing or having reasonable cause to believe that a person was a law enforcement officer, assaulted such officer during the course of the offense or immediate flight therefrom ... increase by 3 levels."  U.S. Sentencing Guidelines Manual § 3A1.2(b)(1) (2002).

interpretation of the Sentencing Guidelines, our review is de novo.  See United States v. Walters, 269 F.3d 1207, 1214 (10th Cir. 2001).

We begin with the principle that "[a]bsent an instruction to the contrary, the adjustments from different guideline sections are applied cumulatively (added together)."  U.S. Sentencing Guidelines Manual § 1B1.1 cmt. n.4 (2002); see also United States v. Duran, 127 F.3d 911, 918 (10th Cir. 1997) ("[T]he Sentencing Commission plainly understands the concept of double counting, and expressly forbids it where it is not intended.") (quotation omitted).

Nevertheless, we have endorsed the general rule that double counting is ordinarily impermissible when the same conduct is used to support separate increases under separate enhancement provisions which: 1) necessarily overlap, 2) are indistinct, and 3) serve identical purposes.  See United States v. Fredette, 315 F.3d 1235, 1244 (10th Cir. 2003); United States v. Browning, 252 F.3d 1153, 1160 (10th Cir. 2001); United States v. Flinn, 18 F.3d 826, 829 (10th Cir. 1994).  Under this test, "[a] successful double counting claim must demonstrate that the two enhancements *necessarily* overlap in every conceivable instance, not just that they overlap often."  Browning, 252 F.3d at 1160; see also Fredette, 315 F.3d at 1244 ("It is not sufficient to establish that enhancement A necessarily implicates enhancement B: one must also show that enhancement B necessarily implicates enhancement A.").  Furthermore, we have previously explained that the same

underlying conduct may support multiple enhancements when each enhancement is directed at a different aspect of the defendant's conduct. United States v. Fisher, 132 F.3d 1327, 1329 (10th Cir. 1997).

Of course, if a particular guideline specifically speaks to double counting, such an instruction would be controlling. Here we find guidance, at least by negative inference, in the commentary to § 3A1.2. That commentary directs courts not to apply the § 3A1.2 official victim adjustment "if the offense guideline specifically incorporates this factor." U.S. Sentencing Guidelines Manual § 3A1.2 cmt. n.2 (2002).[4] In other words, § 3A1.2(b)(1) may not be applied if the offense conduct outlined in Chapter 2 specifically addresses whether the defendant assaulted a law enforcement officer and created a substantial risk of serious bodily injury to such officer, knowing (or with reasonable cause to believe) the victim's official status, in the course of the offense or immediate flight therefrom. Cf. United States v. Talley, 164 F.3d 989, 1004 (6th Cir. 1999) (Section 3A1.2(a) "should not apply if the offense guideline specifically incorporates the factor of the victim being an official"). By

---

    [4] The commentary to § 3A1.2 points to § 2A2.4 (Obstructing or Impeding Officers) as an example of an offense guideline that specifically incorporates the official victim adjustment. See U.S. Sentencing Guidelines Manual § 3A1.2 cmt. n.2 (2002).

implication, then, applying § 3A1.2 along with Chapter Two enhancements which do not "specifically incorporate" the victim's status as an officer is permitted.

In light of all these legal principles, we hold that the district court correctly applied both §§ 2K2.1(b)(5) and 3A1.2 in calculating Coldren's offense level in this case. It is quite clear that there is no necessary overlap between the fact that the defendant used a gun to commit a felony and that he assaulted a police officer while illegally in possession of a firearm. It is easy to imagine a situation in which a defendant used a gun in connection with another felony without assaulting a law enforcement officer – in such a case § 2K2.1(b)(5) would apply and § 3A1.2 would not. Likewise, one could imagine a scenario in which a felon possessed a firearm (not in connection with any other offense) and assaulted an officer without using the gun – then, § 3A1.2 would apply and § 2K2.1(b)(5) would not. Furthermore, although both enhancements to Coldren's offense level were based on the same incident, they were based on distinct aspects of the defendant's conduct. Cf. Fisher, 132 F.3d at 1329.

Finally, § 2K2.1(b)(5) does not "specifically incorporate" the fact that the defendant assaulted a police officer while illegally in possession of a gun. Section 2K2.1(b)(5) deals with the defendant's use of a firearm or ammunition in connection with another felony; it does not specifically refer to either the commission of an assault or an official victim. Indeed, had the district court

failed to apply § 3A1.2, the fact that the person Coldren assaulted was a police officer (as opposed to some other individual) would not have been factored into his sentence at all. Yet the guidelines demonstrate a clear intent to punish a convicted felon who uses a gun in connection with another felony to assault a police officer more severely than a convicted felon who uses a gun in connection with another felony without assaulting a police officer.

Our conclusion is in line with the Eleventh Circuit's decision in United States v. Jackson, 276 F.3d 1231 (11th Cir. 2001). In that case, the defendant's sentence for being a felon in possession of a firearm was similarly enhanced four levels under § 2K2.1(b)(5) for using the gun in connection with another felony and three levels under § 3A1.2(b) for creating a substantial risk of bodily injury to a police officer. Id. at 1233. Both enhancements were based on the fact that the defendant had reached for a gun while struggling with police. Id. The Eleventh Circuit concluded that nothing in the guidelines prohibited application of both §§ 2K2.1(b)(5) and 3A1.2(b), and that the two enhancements served different sentencing policies. Id. at 1235-36.[5]

---

[5] We are not aware of any other Court of Appeals decisions addressing this particular question.

**CONCLUSION**

For these reasons, the district court properly applied both §§ 2K2.1(b)(5)

and 3A1.2(b)(1) in calculating Coldren's offense level.  We AFFIRM.