**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 26, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

JOHN ROBERT HARRIS,

      Defendant-Appellant.

No.07-4058
(D. Utah)
(D.C. No.2:06-CR-566 TC)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY,** Circuit Judge, **McWILLIAMS**, Senior Circuit Judge, and **BRISCOE,** Circuit Judge.

---

In a five-count indictment filed in the United States District Court for the

District of Utah on August 16, 2006, John Robert Harris (the defendant) was

charged with five separate robberies, each violating the Hobbs Act, 18 U.S.C. §

1951(a).[1] The defendant later pled guilty to Counts III, IV, and V of the

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Defendant was originally charged in a Utah State Court with the five robberies charged in the instant case. In that case, the defendant pled guilty and

(continued...)

indictment and the United States dismissed Counts I and II.

The Pre-Sentence Report (PSR) set defendant's base offense level at 20 and increased that level by four levels for the use of a dangerous weapon. U.S.S.G. § 2B3.1(b)(2)(D). The PSR then increased defendant's offense level by two more levels because he physically restrained a person to facilitate the commission of the offense charged in Count IV of the indictment, U.S.S.G. § 2B3.1(b)(4)(B). Count IV charged the defendant with a robbery of the Subway Restaurant in Salt Lake County, Utah.

U.S.S.G. § 2B3.1(b)(4)(B) provides that a defendant's offense level may be enhanced by two levels "if any person was physically restrained to facilitate commission of the offense or to facilitate escape." In commentary to the foregoing, the Guideline provided that the two-level enhancement applies to robberies "where a victim was forced to accompany the defendant to another location, or was physically restrained by being tied, bound, or locked up." At sentencing the defendant objected to the two-level enhancement, but the District Court overruled the objection and increased defendant's level by two levels. With an adjusted offense level of 26 and a criminal history category of I, the Guideline range was 63 to 78 months imprisonment. The District Court sentenced defendant at the low end of the Guideline Range, i.e. 63 months, but reduced that

[1](...continued)
was sentenced to two years imprisonment, but was released early after serving 18 months in prison.

sentence by 18 months for the time the defendant had previously served in the Utah State Prison, resulting in a sentence in the instant case of 45 months imprisonment.

On appeal, the only issue raised is whether the two-level increase in defendant's offense level based on the robbery at the Subway Restaurant was proper.

As stated, U.S.S.G. § 2B3.1(b)(4)(B) provides, *inter alia*, that "if any person was physically restrained to facilitate commission of the offense or to facilitate escape, increase by 2 levels." The only question before this Court is whether the defendant in robbing the Subway Restaurant (Count IV) "physically restrained" the clerk at the restaurant. In this regard in his "Statement by Defendant in Advance of Plea of Guilty," the defendant stated, in connection with his robbery of the Subway Restaurant as follows:

> Count IV. On or about November 13, 2004, in the Central Division of the District of Utah, I knowingly and intentionally, did take from an employee, against the employee's will, at the Subway restaurant, located at 6181 South Highland Drive in Salt Lake County, Utah, by physical force or violence, threatened force or violence and fear of injury, U.S. currency, which belonged to and was in the care, custody, control, management of the Subway restaurant, and by committing such robbery obstructed, delayed or affected commerce or the movement of articles or commodities in interstate commerce; in violation of 18 U.S.C. § 1951(a).
>
> On that day, I reached across the counter and used a knife to demand money. I also ordered the other

employee to the ground. Upon receiving money, I fled from the store.

As concerns the robbery of the Subway Restaurant, the PSR states as follows:

> On November 13, 2004, a suspect entered a Salt Lake City Subway Sandwich Restaurant and placed an order. As the suspect neared the cash register, he reached over the counter with his left hand and grabbed the victim/employee. The victim stated that the defendant exhibited a knife and then placed the knife to her throat stating, "Give me all the . . . money." (Expletive deleted.) The suspect then told the victim to get on the floor. After removing approximately $196 from the cash register, the suspect left the store on foot.

Our study of the record convinces us that the defendant "physically restrained" the clerk in the Subway Restaurant to "facilitate" his robbery of that establishment, and also, incidentally, that he "physically restrained" the clerk in both the robbery of the Bakery (Count III) and the robbery of the Chinese Restaurant (Count V).

In support of our resolution of the present controversy, *see United States v. Fisher,* 132 F.3d 1327 (10th Cir. 1997) and *United States v. Roberts*, 898 F.2d 1465 (10th Cir. 1990).

In *United States v. Roberts*, at page 1470, we spoke as follows:

> Finally, we address Roberts' claim that the court erred in determining that the victim was physically restrained during the course of the offense. Under the guidelines, "'[p]hysically restrained' means the forcible restraint of the victim such as by being tied, bound, or locked up." *Id.* (n.1(i)). The district court was of the view "that the examples set forth in the

guidelines are by way of illustration and not limitation, and not exclusion." Rec., supp. vol.I, at 16. We agree. "By use of the words 'such as,' it is apparent that 'being tied, bound, or locked up' are listed by way of example rather than limitation." *United States v. Stokley*, 881 F.2d 114, 116 (4th Cir. 1989). <u>We have no difficulty in concluding that a victim who is held around the neck at knifepoint is denied freedom of movement so as to be physically restrained.</u> (Emphasis ours.)

In *United States v. Fisher*, at pp. 1329-1330, we spoke as follows:

> Although Mr. Fisher argues that restraint occurs only when a victim is either physically touched or forced to do something at gunpoint, we reject this limitation. Physical restraint is not limited to physical touching of the victim. *See United States v. Doubet,* 969 F.2d 341, 346 (7th Cir. 1992). <u>Rather, physical restraint occurs whenever a victim is specifically prevented at gunpoint from moving, thereby facilitating the crime</u>. *See id.* at 346-47; *United States v. Jones*, 32 F.3d 1512, 1519 (11th Cir. 1994); *United States v. Thompson,* 109 F.3d 639, 641 (9th Cir. 1997). (Emphasis ours.)

In our view, the record amply supports the increase in defendant's offense level by two levels because he physically restrained the victim from "freedom of movement."

Judgment affirmed.

Entered for the Court

Robert H. McWilliams
Senior Circuit Judge
