FILED
United States Court of Appeals
Tenth Circuit

February 4, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

MATTHEW RYAN DUDLEY,

      Defendant - Appellant.

No. 12-4061
(D.C. No. 2:11-CR-00888-TS-1)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **HARTZ, EBEL,** and **MURPHY**, Circuit Judges.

Defendant Matthew Ryan Dudley appeals his sentence on a conviction of

possession of stolen firearms. He contends that the enhancement to his base

offense level for possession of a stolen firearm constituted impermissible double

counting. We have jurisdiction under 21 U.S.C. § 1291 and affirm.

On August 22, 2011, Defendant stole nine handguns, nearly 50 pounds of

marijuana, and other items from a police evidence locker. Three days later, he

_____

[*]After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

was arrested during a traffic stop. Officers discovered one of the stolen guns and some marijuana in the car and recovered the other stolen guns from a residence owned by an acquaintance of Defendant. Defendant was indicted on one count of possession of stolen firearms, *see* 18 U.S.C. § 922(j); one count of being a convicted felon in possession of a firearm and ammunition, *see id.* § 922(g)(1); and one count of possession of marijuana, *see* 21 U.S.C. § 844(a). He pleaded guilty to the stolen-firearm charge and the Government dismissed the other charges.

The presentence report calculated Defendant's base offense level under USSG § 2K2.1 (2011), which applies to the offenses of "Unlawful Receipt, Possession, or Transportation of Firearms or Ammunition; Prohibited Transactions Involving Firearms or Ammunition." Because of Defendant's history of drug use, he was a "prohibited person" at the time of his offense, making his base offense level 14. USSG § 2K2.1(a)(6) (setting base offense level at 14 if defendant was a "prohibited person"); *see id.* § 2K2.1 cmt. n.3 (defining *prohibited person* as "any person described in 18 U.S.C. § 922(g) or § 922(n)"); 18 U.S.C. § 922(g)(3) (forbidding possession of firearms by a person "who is an unlawful user of or addicted to any controlled substance"). The base offense level was increased 4 levels because Defendant "used or possessed [a] firearm or ammunition in connection with another felony offense," USSG § 2K2.1(b)(6)(B); 4 levels because the offense involved between 8 and 24

firearms, *see id.* § 2K2.1(b)(1)(B); and 2 levels because the firearms were stolen, *see id.* § 2K2.1(b)(4)(A). The offense level was then reduced by 3 levels for his acceptance of responsibility, *see id.* § 3E1.1(b), for a total offense level of 21. Defendant's criminal-history category of III resulted in an advisory guidelines range of 46 to 57 months' imprisonment. *See id.* ch. 5, pt. A.

At sentencing, Defendant challenged the stolen-firearm enhancement, arguing that it constituted double counting. The district court overruled the objection and sentenced him to 46 months' imprisonment. Defendant repeats that argument on appeal. We review this legal issue de novo. *See United States v. Coldren*, 359 F.3d 1253, 1255–56 (10th Cir. 2004).

Defendant asserts that the stolen-firearm enhancement improperly double counts the fact that the firearm was stolen because his base offense level already took that into account. He relies in part on a paragraph in application note 8 to § 2K2.1, which states:

> If the only offense to which §2K2.1 applies is 18 U.S.C. § 922(I), (j), or (u), or 18 U.S.C. § 924(l) or (m) (offenses involving a stolen firearm or stolen ammunition) and the base offense level is determined under subsection (a)(7), do not apply the enhancement in subsection (b)(4)(A). This is because the base offense level takes into account that the firearm or ammunition was stolen.

USSG § 2K2.1, cmt. n.8(A).

We are not persuaded. Defendant's argument is incorrect both factually and legally. Factually, although his offense of conviction was possession of stolen firearms, his base offense level was calculated without reference to

whether the firearms were stolen. *See id.* § 2K2.1(a)(6). The base offense level applies to a multitude of firearm offenses, most of which do not require that the firearm be stolen.

Legally, even if the base offense level could be said to reflect that the firearms were stolen, the Guidelines nevertheless require that the stolen-firearms enhancement be applied. The relevant paragraph in application note 8 limits the use of that enhancement only if the base offense level was calculated under § 2K2.1(a)(7), and, contrary to Defendant's assertion, that subsection (which is in essence a residual clause) was not used to calculate Defendant's base offense level. *See United States v. Goff*, 314 F.3d 1248, 1250 (10th Cir. 2003) (referring to application note 12, now renumbered as 8). The district court correctly applied the two-level enhancement under § 2K2.1(b)(4)(A).

We AFFIRM the sentence imposed by the district court.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge

-4-