**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 20, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MICHAEL WADE,

    Defendant - Appellant.

No. 16-1364
(D.C. No. 1:16-CR-00079-RM-1)
(D. Colo.)

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

WILLIAM WADE,

    Defendant - Appellant.

No. 16-1391
(D.C. No. 1:16-CR-00079-RM-2)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **EBEL**, and **PHILLIPS**, Circuit Judges.
_____

Brothers Michael and William Wade admit that they robbed a bank in Aurora,

Colorado, while armed with handguns. Each pleaded guilty to one count of armed

bank robbery, *see* 18 U.S.C. § 2113(a) & (d), and one count of brandishing a firearm

_____

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

during this crime of violence, *see* 18 U.S.C. § 924(c)(1)(A)(ii), and they received respective sentences of 102 months' and 90 months' imprisonment. But they now contest their 18 U.S.C. § 924(c) convictions and their sentences, arguing (1) that armed bank robbery doesn't qualify as a "crime of violence" under 18 U.S.C. § 924(c)(3) and (2) that their actions didn't support the application of the U.S. Sentencing Guidelines' "physical restraint" enhancement to the advisory-guideline ranges for their robbery convictions, *see* U.S. Sentencing Guidelines Manual § 2B3.1(b)(4)(B) (U.S. Sentencing Comm'n 2015). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## BACKGROUND

In the account set out in the Wades' nearly identical plea agreements, two masked, gun-toting robbers entered a federally insured bank in Aurora, Colorado, soon after 9 a.m. They brandished the guns at bank employees and ordered the employees to the floor. Then "Robber 1" went behind the teller counter, ordered two tellers to open their cash drawers, and began taking money from the drawers. "Robber 2" jumped over the counter to help. The two put $5,954 in a white trash bag and left. Unbeknownst to the robbers, the money contained a tracking device, and the robbers were soon captured and identified as the brothers Wade.

In one indictment, the government charged each brother with a count of armed bank robbery under 18 U.S.C. § 2113(a) and (d), a count of brandishing a firearm

2

during a crime of violence (the bank robbery) under 18 U.S.C. § 924(c)(1)(A)(ii),[1] and a count of felon in possession of a firearm under 18 U.S.C. § 922(g)(1).

The brothers eventually signed plea agreements, each promising to plead guilty to armed bank robbery and brandishing a firearm during a crime of violence in exchange for the government's promise to dismiss the felon-in-possession charges. The brothers' plea agreements also estimated sentencing ranges for their robbery counts, based on the U.S. Sentencing Guidelines. According to the plea-agreement estimates, the advisory guidelines provided a base offense level of 20, plus two levels under § 2B3.1(b)(1)(A) "because the property of a financial institution was taken," minus three levels for acceptance of responsibility under § 3E1.1, for a total offense level of 19. The brothers' criminal-history categories were "undetermined" though, so the plea agreements estimated that the resulting sentencing range could be anywhere from 30 months (at the bottom of category I) to 78 months (at the top of category VI). Under 18 U.S.C. § 924(c)(1)(A)(ii), the brandishing counts required consecutive, mandatory-minimum sentences of 84 months' imprisonment.

In separate hearings, the district court formally accepted each brother's plea and pronounced sentence. Michael Wade went first. Before sentencing him, the court addressed the robbery count and asked, "Why doesn't he get two points for restrained victim?" Defense counsel "d[id] not have a rebuttal" to the court's cited case law,

---

[1] This count charged both methods of violating the statute: first, carrying, or using a firearm during and in relation to a crime of violence, and second, possessing a firearm in furtherance of a crime of violence, 18 U.S.C. § 924(c)(1)(A), as well as aiding and abetting these violations under 18 U.S.C. § 2.

including *United States v. Fisher*, 132 F.3d 1327, 1329 (10th Cir. 1997), so the court added two levels under § 2B3.1(b)(4)(B), which directs sentencing courts to do so "if any person was physically restrained to facilitate commission of the offense or to facilitate escape." The court thus differed from the plea-agreement estimates, calculating a total offense level of 21 (rather than 19) and a resulting guideline imprisonment range of 37 to 46 months, which would run consecutively to the 84 months mandated by 18 U.S.C. § 924(c)(1)(A)(ii) on the brandishing count. The court was nevertheless "persuaded by [Michael's] appearance" at the sentencing hearing and varied downward to 18 months' imprisonment, for a total of 102 months' imprisonment.

Later, at William's sentencing, the court again stated that by neglecting § 2B3.1(b)(4)(B)'s two-level enhancement, the government had miscalculated the sentencing range for robbery under the guidelines. And this time over defense counsel's objection, the district court again added two levels to reach a total offense level of 21 and a sentencing range of 46 to 57 months. Because of William's multiple-sclerosis diagnosis, however, the court varied downward substantially, imposing a 6-month prison sentence, to run consecutively to the 84 months mandated by 18 U.S.C. § 924(c)(1)(A)(ii) on the brandishing count, for a total of 90 months' imprisonment.

Michael appealed, and William joined in his opening brief.

4

## DISCUSSION

On appeal, William Wade, joined by his brother Michael, makes two arguments. First, they dispute their 18 U.S.C. § 924(c)(1)(A)(ii) convictions, arguing that armed bank robbery doesn't qualify as a "crime of violence." *See* 18 U.S.C. § 924(c)(3). Second, they challenge the sentencing court's application of § 2B3.1(b)(4)(B)'s two-level enhancement for robberies involving physical restraint. Both arguments are subject to de novo review. *United States v. Joe*, 696 F.3d 1066, 1069 (10th Cir. 2012) (applying de novo review to a question of guidelines interpretation); *United States v. Serafin*, 562 F.3d 1105, 1107 (10th Cir. 2009) ("We review the district court's legal conclusion that a particular offense constitutes a crime of violence de novo."). We address, and reject, each in turn.

### A.        Armed Bank Robbery and Crimes of Violence under 18 U.S.C. § 924(c)

The brothers Wade contend that their 18 U.S.C. § 924(c)(1)(A)(ii)[2] convictions can't stand "because, in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), the predicate offense for [those] conviction[s], armed bank robbery, no longer qualifies as a 'crime of violence.'"

---

[2] As pertinent here, 18 U.S.C. § 924(c)(1)(A) provides,

> [A]ny person who, during and in relation to any crime of violence or drug trafficking crime . . . , uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime . . . (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years.

In *Johnson*, 135 S. Ct. at 2563, the U.S. Supreme Court struck down the Armed Career Criminal Act's residual clause on vagueness grounds. That clause included in the Act's definition of a "violent felony" any felony "involv[ing] conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). The Wades urge this court to import that reasoning here to strike down 18 U.S.C. § 924(c)(3)(B)'s similar residual-clause definition of a "crime of violence."

For purposes of 18 U.S.C. § 924(c)(1), the term "crime of violence" has two definitions. First, 18 U.S.C. § 924(c)(3)(A)—which the parties dub the "elements" clause—includes in the definition any felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." Second, 18 U.S.C. § 924(c)(3)(B)—the Wades' "residual clause" and the government's "risk of force" clause—includes in the definition any felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." Appellant's Opening Br. at 13; Appellee's Br. at 18.

Thus, even if we assume for argument's sake that 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague for the same reason that the Supreme Court deemed the Armed Career Criminal Act's residual clause unconstitutionally vague, the Wades' brandishing convictions may survive under 18 U.S.C. § 924(c)(3)(A), the "elements" clause. The question is whether armed bank robbery, as defined in 18 U.S.C.

6

§ 2113(a) and (d), "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," 18 U.S.C. § 924(c)(3)(A).

In their briefs, the Wades argue that armed bank robbery doesn't satisfy this definition of a "violent felony" because it can be committed with non-physical force, such as poison. *See United States v. Rodriguez-Enriquez*, 518 F.3d 1191, 1194 (10th Cir. 2008) (defining "physical" force through the "mechanism by which the force is imparted": "[k]inetic energy from [a] fist, bat, or projectile" as opposed to poison, whose effect "is achieved by chemical means, not mechanical impact"), *abrogated by United States v. Ontiveros*, 875 F.3d 533, 536 (10th Cir. 2017). But at oral argument, the Wades conceded that this court's recent decision in *United States v. Ontiveros*, 875 F.3d 533 (10th Cir. 2017), forecloses that argument.

*Ontiveros* addressed whether a conviction for second-degree assault in Colorado, *see* Colo. Rev. Stat. § 18-3-203(1)(g) (2007), qualified as a crime of violence under § 4B1.2(a)(1) of the sentencing guidelines. *See Ontiveros*, 875 F.3d at 535. Like the "elements" clauses in 18 U.S.C. §§ 924(c)(3)(A) and 924(e)(2)(B)(ii), § 4B1.2(a)(1) of the sentencing guidelines defines a "crime of violence"—for purposes of the career-offender guideline, U.S. Sentencing Guidelines Manual § 4B1.1—to include any offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another."

The *Ontiveros* court observed that under existing Tenth Circuit precedent, Colorado's assault statute didn't necessarily require the use or threatened use of physical force (rather than indirect force) as required by the guidelines. *Ontiveros*,

7

875 F.3d at 536 (citing *Rodriguez-Enriquez* and *United States v. Perez-Vargas*, 414 F.3d 1282 (10th Cir. 2005), *abrogated by Ontiveros*, 875 F.3d at 538). But according to *Ontiveros*, the Supreme Court's intervening decision in *United States v. Castleman*, 134 S. Ct. 1405 (2014), had rejected that precedent's logic. *Ontiveros*, 875 F.3d at 536.

As the *Ontiveros* court explained, *Castleman* concerned whether a Tennessee defendant's conviction for "having 'intentionally or knowingly cause[d] bodily injury to' the mother of his child" qualified as "a misdemeanor crime of domestic violence" that would prohibit the defendant from possessing a gun under 18 U.S.C. § 922(g)(9). *Ontiveros*, 875 F.3d at 536 (alteration in original) (quoting *Castleman*, 134 S. Ct. at 1409). Answering that question "yes," the Supreme Court "specifically rejected the contention that 'one can cause bodily injury without the use of physical force—for example, by deceiving [the victim] into drinking a poisoned beverage, without making contact of any kind.'" *Id.* at 536–37 (alteration in original) (quoting *Castleman*, 135 S. Ct. at 1414); *see also Castleman*, 135 S. Ct. at 1415 ("The use of force . . . is not the act of sprinkling the poison; it is the act of employing poison knowingly as a device to cause physical harm. That the harm occurs indirectly, rather than directly (as with a kick or punch), does not matter. Under [the rejected] logic, after all, one could say that pulling the trigger on a gun is not a use of force because it is the bullet, not the trigger, that actually strikes the victim."). In doing so, the *Ontiveros* court concluded, the Supreme Court also rejected this court's logic in *Perez-Vargas* and *Rodriguez-Enriquez*. *Ontiveros*, 875 F.3d at 536–7.

8

Accordingly, *Ontiveros* held, as have most circuits deciding the issue, "that *Castleman*'s logic applies to 'physical force' in the context of violent felonies." *Id.* at 538; *see also id.* at 537 (listing cases). In either context, bodily injury necessarily involves physical force.

As the brothers Wade recognized at oral argument, this conclusion forecloses the argument that because one might be able to commit armed bank robbery by using or threatening to use poison, one could do so without the use or threatened use of "physical force" as required by 18 U.S.C. § 924(c)(3)(A). Instead, under *Castleman*'s logic, any use or threatened use of poison would qualify as the use or threatened use of physical force.

Accordingly, we accept the Wades' concession that *Ontiveros* controls, affirm their 18 U.S.C. § 924(c) convictions, and turn to their next argument.

**B.    The "Physically Restrained" Sentencing Enhancement**

The brothers Wade also challenge their sentences for robbery—18 months for Michael, 6 months for William. They claim that the sentencing court calculated these sentences based on an incorrect application of the "physically restrained" sentencing enhancement and that the enhancement shouldn't apply to defendants who, like them, did no more than order their victims to the floor at gunpoint.

Section 2B3.1 of the sentencing guidelines provides the base offense level and specific offense adjustments applicable to robbery. Pertinent here, § 2B3.1(b)(4)(B) directs sentencing courts to add two levels "if any person was physically restrained to facilitate commission of the offense or to facilitate escape."

9

In *United States v. Fisher*, 132 F.3d 1327, 1329 (10th Cir. 1997), this court declined to limit "physical restraint" under the robbery guideline to the physical touching of a victim. "Rather, physical restraint occurs whenever a victim is specifically prevented at gunpoint from moving, thereby facilitating the crime." *Id.* at 1329–30. Thus, in *Fisher*, 132 F.3d at 1330, we deemed it proper to apply the enhancement to a defendant whose co-conspirator had "deliberately kept the [bank] security guard at bay by pointing a gun directly at his head while two others looted the teller counter."

The brothers Wade acknowledge that under this definition, their conduct in the bank qualified as "physically restrain[ing]" the bank employees, whom they ordered to the floor at gunpoint. But they contend that *Fisher*'s reasoning conflicts with the decisions of other circuits, has been undercut by this circuit's more recent decision in *United States v. Joe*, 696 F.3d 1066, 1072 (10th Cir. 2012), and can't be reconciled with the text of the guideline. And because the meaning of "physically restrained" under § 2B3.1(b)(4)(B) arises in many prosecutions but the Supreme Court has not yet resolved the circuits' disagreement over it, the Wades assert that the issue is ripe for en banc reconsideration.

To request an en banc rehearing, the Wades must begin by filing a motion that complies with the provisions of Fed. R. App. P. 35. For now, we remain bound by *Fisher* to reject their argument and uphold the sentencing court's application of § 2B3.1(b)(4)(B)'s two-level enhancement. *See In re Smith*, 10 F.3d 723, 724 (10th

10

Cir. 1993) (per curiam) ("We are bound by the precedent of prior panels absent en banc reconsideration or a superseding contrary decision by the Supreme Court.").

## CONCLUSION

For these reasons, we affirm the Wade brothers' convictions for brandishing firearms during a crime of violence under 18 U.S.C. § 924(c)(1)(A)(ii) and their sentences for robbery under 18 U.S.C. § 2113(a) and (d).

Entered for the Court


Gregory A. Phillips
Circuit Judge