IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 29, 2008

Charles R. Fulbruge III
Clerk

No. 07-20088
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ANDRE MARSELLES CARTER

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CR-46-2

BeforeWIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Andre Marselles Carter appeals his sentence for aiding and abetting a bank robbery and attempted bank robbery, in violation of 18 U.S.C. §§ 2113(a), (d) and 2, and aiding and abetting the brandishing of a firearm, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2. Carter contends that the district court erred in increasing his base offense level five levels, pursuant to U.S.S.G. § 2B3.1(b)(2)(C), for Rodney Lee Thompson's brandishing of a firearm during a July 11, 2003, bank robbery, insisting that there was inadequate proof

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that Thompson brandished an actual firearm. As Carter did not preserve this issue at the district court level, plain error review applies. United States v. Villegas, 404 F.3d 355, 358 (5th Cir. 2005). We determined previously that the evidence was sufficient to prove that Thompson brandished a firearm. United States v. Thompson, 454 F.3d 459, 465 (5th Cir.), cert. denied, 127 S. Ct. 602 (2006). That determination is the law of the case, so it precludes reconsideration of the issue. See United States v. Matthews, 312 F.3d 652, 653 (5th Cir. 2002).

Carter also contends that the district court erred in increasing his base offense level five levels, pursuant to U.S.S.G. § 2B3.1(b)(2)(C), for Thompson's brandishing of a firearm during the July 11, 2003, bank robbery, insisting that it was not foreseeable to Carter that Thompson would brandish a firearm. The application of the five-level enhancement is a factual finding reviewed for clear error. United States v. Villanueva, 408 F.3d 193, 203 & n.9 (5th Cir. 2005). Carter has failed to demonstrate that the district court clearly erred in its finding that Thompson's brandishment of the firearm during the July 11, 2003 robbery was reasonably foreseeable to Carter.

Finally, Carter asserts that the two-level restraint adjustment on Count Three was inappropriate, but does not provide any support for this contention. As Carter has failed to brief the issue adequately, we shall not consider it. See United States v. Charles, 469 F.3d 402, 408 (5th Cir.), cert. denied, 127 S. Ct. 1505 (2007)(stating that inadequately briefed issues on appeal are abandoned). AFFIRMED.