OPINION
GARTH, Circuit Judge:
Aaron St. Jean appeals the District Court’s imposition of the seven-year mandatory consecutive sentence provided by 18 U.S.C. § 924(c)(1)(A)(ii). We will affirm.
I.
Aaron St. Jean is one of three men who robbed a Rite Aid store in Philadelphia on January 25, 2006. Wearing ski masks and heavy jackets, St. Jean and his partners *766 entered the store and headed toward the back. One of the three confronted the store’s assistant manager there, pointed a gun, and asked the manager if he knew the combination to the store safe. When the manager replied that he did, the robber forced the manager at gunpoint back to the front of the store, where the manager opened two safes. The robber took the money from one safe and instructed the manager to place the money from the other in a Rite Aid bag. The robber then ordered the manager to lie face down on the floor and left with all the cash from both safes, which amounted to approximately $2,000 in bills and $500 in rolls of quarters.
While these events unfolded, the other two masked men noticed the presence of a cashier. As they started to walk toward the cashier, the cashier fled from the store and saw a police vehicle across the street. The cashier ran up to the two police officers inside and told them that the Rite Aid was being robbed. The officers looked toward the Rite Aid and saw two men, later identified as St. Jean and Walter Carolina, pacing in the store’s vestibule.
The officers drove toward the Rite Aid, at which point the men exited the store. When the officers’ vehicle turned into the store parking lot, the men abruptly shifted directions and began to quickly walk the other way. The two officers ordered the men to get down. St. Jean complied, but Walter Carolina fled, pursued by one of the officers. The other officer placed St. Jean under arrest. An unloaded firearm and black ski mask were recovered from St. Jean’s person. Carolina was apprehended a short time later, as he attempted to throw a loaded firearm into the sewer. App. 192-208.
The officers returned to the Rite Aid with St. Jean and Carolina. The store manager told police that he had seen St. Jean in the store with another man named Daniel about one hour before the robbery, although he could not remember Daniel’s last name. The manager recognized St. Jean and Daniel as former store employees. A review of the store’s employment files confirmed that in fact all three of the robbers were former employees, and revealed Daniel’s last name as Charles. Charles was apprehended later that night outside his home, after the manager identified him as the man he had seen in the store with St. Jean before the robbery. App. 149-52, 287-89. In Charles’ residence, police discovered a ski mask, a box of quarters, and a gun box containing a loaded pistol and several magazines. App. 292-300.
St. Jean was indicted and charged with making false statements to a federally licensed firearms dealer, interfering with interstate commerce by robbery, and conspiring to do each. 18 U.S.C. §§ 924(a)(1)(A), 1951, 371. St. Jean was further charged with using and carrying a firearm during and in relation to a crime of violence. 18 U.S.C. § 924(c)(1). Trial was held in August 2008. The government’s evidence consisted primarily of the testimony of the manager, cashier, and several law enforcement officers. The government also produced a woman who testified that she had acted as a straw purchaser to assist St. Jean and Charles in purchasing firearms. St. Jean elected to testify. He admitted being in the store with Charles before the robbery, but denied participating in the robbery. The jury convicted St. Jean on all five counts.
At sentencing, the government contended that St. Jean was subject to the mandatory additional seven-year term of imprisonment provided by 18 U.S.C. § 924(c) (1) (A) (ii) in cases where the firearm is “brandished.” St. Jean argued that the evidence demonstrated that Charles, not he, had brandished the gun at the *767 store manager, and that the seven-year minimum sentence was inapplicable.
The Government conceded the lack of evidence that St. Jean himself had brandished a gun, but argued that the seven-year minimum nevertheless applied because St. Jean had aided and abetted Charles’ brandishing of the gun. The District Court agreed with the Government and held the seven-year mandatory minimum applicable to St. Jean.App. 594-95. The District Court sentenced St. Jean to two years’ imprisonment on the robbery, false statement, and related conspiracy charges, all to be served concurrently. After including the seven years added by § 924(c) (1) (A) (ii), the total sentence amounted to nine years in prison. App. 648. St. Jean then filed a timely notice of appeal.
II.
On appeal, St. Jean contests only the applicability of the seven-year minimum sentence for brandishing a firearm. St. Jean argues that, at most, he is subject to the unenhanced five-year sentence for using or carrying a firearm in furtherance of a crime of violence. 18 U.S.C. § 924(c)(l)(A)(i).
We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). The District Court’s interpretation of 18 U.S.C. § 924(c) is a legal question subject to our plenary review. United States v. Walker; 473 F.3d 71, 75 (3d Cir.2007). We review the District Court’s findings of fact at sentencing for clear error. United States v. Navarro, 476 F.3d 188, 191 (3d Cir.2007).
III.
18 U.S.C. § 924(c) prescribes a five-year mandatory minimum sentence for any person who uses or carries a firearm during and in relation to a crime of violence or a drug trafficking crime. The minimum is increased to seven years if the firearm is brandished, and to ten years if the firearm is discharged. 18 U.S.C. § 924(c)(1)(A)(ii)(iii). The sentence must be imposed consecutively to any other term of imprisonment imposed, including one for the underlying crime. 18 U.S.C. § 924(c) (1) (D) (ii).
The evidence at trial tended to establish that Carolina, not St. Jean, was the one who brandished a firearm during the robbery. The manager testified that he had been threatened with a gray gun. App. 172. Although police discovered a gun in St. Jean’s waistband when he was apprehended outside the store, St. Jean’s gun was black, while the one in Carolina’s possession was gray. St. Jean’s firearm was also unloaded. App. 192. The Government concedes that St. Jean did not himself brandish a weapon, but argues that St. Jean is equally liable for aiding and abetting Carolina in brandishing the firearm.
In Harris v. United States, 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002), the Supreme Court held that the brandishing described in § 924(c)(1)(A)(ii) is a sentencing factor to be found by the judge, rather than an offense element to be found by the jury. Id. at 556, 122 S.Ct. 2406. The Court further held that, as a sentencing factor, brandishing need not be proved beyond a reasonable doubt, but rather by a preponderance of the evidence. Id. at 565, 122 S.Ct. 2406. As the District Court recognized at sentencing, we apparently have not squarely answered the question whether, after Harris, a defendant who is charged with aiding and abetting may be held liable as an accomplice to a § 924(c)(1)(A) sentencing factor.
Before Harris, however, we had little trouble sustaining convictions for aiding and abetting violations of § 924(c). In United States v. Price, 76 F.3d 526 (3d Cir.1996), we noted the plain language of *768 18 U.S.C. § 2(a)[1] and the numerous decisions of other Courts of Appeals, each of which had concluded that an accomplice to a § 924(c) violation was liable as a principal. Id. at 539. We therefore approved the trial court’s jury instruction allowing a defendant to be convicted of a § 924(c) offense as an accomplice. Id. We again affirmed a conviction for aiding and abetting the commission of a § 924(c) offense in United States v. Gordon, 290 F.3d 539 (3d Cir.2002). Citing Price, we noted that “a defendant can be convicted of aiding and abetting a violation of § 924(c)(1).... ” Id. at 547.
Although these pre-Harris decisions did not treat brandishing and discharging as sentencing factors, cases from the other Courts of Appeals since Harris have, and have uniformly recognized the existence of aiding and abetting liability for § 924(c)(1)(A) enhancements.
In United States v. Williams, 334 F.3d 1228 (11th Cir.2003), the defendant participated in robbing a credit union, and during the robbery one of his co-conspirators accidentally discharged an assault rifle. Affirming the lower court’s imposition of a mandatory ten-year consecutive sentence for discharge of a firearm pursuant to § 924(c)(1)(A)(iii), the Eleventh Circuit said: “[Bjecause Williams would be liable for the conduct he aided and abetted, even if he did not carry a gun, he is accountable for the entirety of the conduct.” Id. at 1233. The court explained that it was applying “ordinary principles of aiding and abetting liability for purposes of sentencing under [§ 924(c)(1) ].” Id. (emphasis added). See also United States v. Dean, 517 F.3d 1224, 1230 (11th Cir.2008) (holding enhancement for discharge of firearm appropriate for both defendants, only one of whom discharged a firearm).[2]
The Seventh Circuit has gone even farther and upheld the application of a sentencing enhancement for brandishing based on a theory of co-conspirator liability. See United States v. Roberson, 474 F.3d 432, 433 (7th Cir.2007) (noting that it was “unclear, but also irrelevant” whether the defendant himself carried a gun because his fellow bank robber brandished one foreseeably and in the course of the conspiracy, citing Pinkerton v. United States, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946)).
In light of these decisions and our own cases recognizing accomplice liability in § 924(c)(1)(A) generally, there is no reason why a defendant should not be held responsible for a brandishing enhancement on an aiding and abetting theory, particularly since St. Jean does not address the issue.[3]
*769 IV.
Having determined that a defendant may be held liable as an accomplice to brandishing a firearm, we must decide whether the District Court clearly erred in finding by a preponderance of the evidence that St. Jean in fact aided and abetted his coconspirator in brandishing the firearm during the Rite-Aid robbery. We conclude that it did not.
The Government was required to demonstrate that St. Jean “knew of the crime and attempted to facilitate it.” Gordon, 290 F.3d at 547 (quoting United States v. Garth, 188 F.3d 99, 113 (3d Cir.1999)). “[A] defendant can be convicted of aiding and abetting a violation of § 924(c)(1) without ever possessing or controlling a weapon if the defendant’s actions were sufficiently intertwined with, and his criminal objectives furthered by[,] the actions of the participant who did carry and use the firearm.” Gordon, 290 F.3d at 547 (internal quotation omitted).
In Gordon, we affirmed a defendant’s convictions for aiding and abetting the use of a firearm during and in relation to a series of bank robberies. Although the defendant was not present in the bank for some of the robberies charged, we nonetheless affirmed his convictions on all counts because the general pattern of the robberies, and the defendant’s own use of firearms in some of the charges robberies, established that he knew that a gun would be used in each. Id. We further observed that there was evidence that the co-conspirators had discussed the use of firearms in advance, and that the defendant was in a position to observe their use in several of the robberies. Reviewing for plain error, we found this sufficient to support the defendant’s conviction for aiding and abetting the use of the firearm in connection with the robbery. Id. at 547-58.
Although this case did not involve a pattern of robberies similar to that in Gordon, the District Court reasonably could have inferred from the nature of the crime and the manner of its execution that St. Jean knew one of his co-conspirators would brandish a gun at the store’s manager, and facilitated that act by participating in the robbery, even as a relatively passive participant. That St. Jean knew the gun would be brandished, and facilitated it through his own conduct, is more likely in light of the fact that St. Jean himself carried a firearm during the robbery, even though the evidence suggests that it was not the one that was brandished. Because St. Jean fully participated in the robbery in which the brandishing of a firearm was apparently contemplated from the outset, St. Jean’s actions were “sufficiently intertwined with, and his criminal objectives furthered by[,] the actions of the participant who did carry and use the firearm.” Gordon, 290 F.3d at 547. The District Court did not clearly err in finding that St. Jean aided and abetted brandishing of the firearm.
V.
For the reasons stated above, we will affirm the sentence imposed by the District Court.

. The section reads: "Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."

. Cases from other Courts of Appeals have similarly permitted aiding and abetting liability for § 924(c)(1)(A) enhancements, including brandishing, albeit in unpublished decisions. See United States v. Carter, 267 Fed.Appx. 402, 403 (5th Cir.2008); United States v. Xayaso, 45 Fed.Appx. 843, 846 (10th Cir.2002).

. St. Jean's initial brief argues only that he did not personally brandish a firearm, and he did not file a reply brief. The sentencing memorandum filed by St. Jean in the District Court likewise emphasized that St. Jean did not brandish a firearm himself, but failed to address the government's theory of accomplice liability. App. 575-77. St. Jean has therefore waived any argument against recognition of accomplice liability in this context. See Gonzalez v. AMR, 549 F.3d 219, 225 (3d Cir.2008) (arguments not raised on appeal are waived); Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 253 (3d Cir.2007) (arguments not raised before District Court are waived).